BENJAMIN BAKER *vs. The Inhabitants of* WINDHAM.

Where a town voted to indemnify an inhabitant for his costs, in a certain suit, " which had arisen or might arise in the same on account of *Gray* line," and an action had been brought against the town to recover the costs of that suit; parol evidence was *held* admissible to shew, that the suit was brought at the request of the Selectmen and Town Agent for the purpose of settling a disputed line between that and an adjoining town, with the express agreement, that the town should pay all costs incurred either in settling the line or in proving the title; and to shew, that these facts had been communicated to the town before the vote was passed.

Also, to shew, that the suit was conducted to its termination with the advice and direction of the Selectmen and Town Agent.

It was *held*, that the action could be maintained, although it appeared from the verdict of the jury, that the line claimed by the town was the true line, and that the suit failed from defect of proof of title to the land.

Parol evidence, admitted to prove that the plaintiff had a good title to the land, was held to be immaterial.

THIS was an action of *assumpsit* brought to recover the costs and expenses of a suit, in which the plaintiff was demandant and one *Atkins Small* was defendant, and was tried on the general issue before *Emery J.* The plaintiff read a vote of the town of *Windham,* on the 14th of *September,* 1829, in these words, " Voted to indemnify *Benjamin Baker* in his costs in the action against *Atkins Small,* which have or may arise in the same, on account of *Gray line.*" He also proved by parol testimony, all of which was objected to by the defendant but admitted by the

Judge, that before the passing of that vote, the plaintiff had been solicited by the town agent and selectmen of *Windham* for permission to bring an action in his name against *Small* for the purpose of settling the disputed line between the towns of *Windham* and *Gray*, and that the plaintiff informed them, that he would run no risk of costs, and would not suffer the action to proceed in his name, unless he could be fully indemnified against all costs, and said, that a vote like one passed in reference to a proposed suit in favour of one *Varney* would not be satisfactory ; that after these statements and after a consultation between the town agent and selectmen, the writ was made by the town agent and given to one of the selectmen to procure service thereof; that these facts were stated in town meeting before the vote of *September* 14 was passed ; that after the vote the action proceeded to trial ; that the suit was conducted under the advice and direction of the selectmen and town agent ; that on the trial the defendant prevailed in the action ; and that the plaintiff was compelled to pay the amount claimed by him in this suit. And it was agreed, that the plaintiff made all the advances and managed the cause in conjunction with his counsel, one of whom was said town agent. The plaintiff also offered to read in evidence a vote of the town, passed *April 6, 1829*, which was objected to by the defendants, but admitted by the Judge, and of which the following is a copy. " Voted, that the town indemnify *David Varney* for costs in an action against any individual in *Gray* for a trespass, which has been, or may be committed on his land between the two disputed lines between *Windham* and *Gray*, provided he shall fail in his action on account of the northeasterly line not being the true line be-between said towns."

The defendant then read in evidence the verdict of the jury in the plaintiff's action against *Small*, as returned in by them in these words, " The jury find that *E. Putnam*, the grantor to *Baker*, was not lawfully seized of lot No. 138, in the town of *Windham*, the jury also find, that the eastern line of the town of *Windham*, as exhibited on *Noyes'* plan, is the true line of the town of *Gray*." The eastern line is the one claimed to be the true one by the defendants. He also read in evidence the same verdict, as put into form by the Court, as follows. " The jury find, that the defend-

ant did not disseise the demandant in manner and form, as is alleged in the declaration." The plaintiff then offered evidence to shew, that notwithstanding the verdict of the jury, he had a good title to the land, and that his grantor, *Putnam*, was seized thereof, which was objected to by the defendant, and admitted by the Judge.

The Judge instructed the jury as follows.

That as this was a suit brought by the plaintiff for an indemnity, the situation of the parties, as developed in the evidence, would necessarily be taken into consideration. That corporations speak by their votes, but they are supposed to have a recollection of their own doings. If the jury believed the evidence, of which they were the judges, it had become desirable in the town of *Windham*, that the divisional line between itself and *Gray* should be settled by bringing an action in the name of some person owning land on the line ; that the jury would judge from the evidence, whether *Baker*, the plaintiff, would have continued to prosecute the suit against *Atkins Small*, without the indemnity promised by the town ; that it was competent for the town to ratify the suit commenced by direction of the Selectmen ; that to ascertain the meaning of the vote declared on, as to the extent of the security to the plaintiff, it was proper to find out the object of the parties ; that the engagement should be construed according to the plain and natural import of the terms used to carry into effect the intention of the parties ; that in order to come at the truth in relation to a contract, in the exposition of it, words may be transposed ; that this contract was capable of being read in the following manner, *viz*. " In action on account of *Gray* line voted to indemnify *Benjamin Baker*, in his costs which have or may arise in the same against *Atkins Small*."

That the terms "on account of *Gray* line" were to characterise and describe the action, rather than to become a limitation of the portion of the expenses for which the plaintiff was to be indemnified ; that they would consider, whether it was probable the town would consent to proceed in the suit in the name of the plaintiff, unless satisfied that he had something like a title, and judge also from the evidence whether or not the plaintiff was disposed or anxious to engage in a lawsuit as to his title without

indemnity ; and whether it was or was not probable it was expected, that the expenses must arise in the prosecution as well as to the title of the plaintiff, as to the mere location of the line ; that if it was the intention of the parties to make this prosecution of *Small* the suit of the town, the contract of the defendants to indemnify the plaintiff as to his costs in the action, would not be performed by holding him to lose part of them, without the defendants refunding all the lawful costs to which the plaintiff was subjected.

If the foregoing rulings, decisions and instructions, or either of them, were erroneous, the verdict, which was for the plaintiff, was to be set aside, otherwise to stand.

This question, was the suit in its commencement and progress the suit of the town of *Windham,* in the name of *Baker ?* was put to the jury, and by them answed, "yea."

The case was argued by *Deblois,* for the plaintiff, and by *Mellen,* for the defendants.

*Mellen.* The action was founded on a contract in writing, the vote of the town, and by which alone the town were bound, if bound they were. The construction of such a contract is *a question of law ;* and of course to be decided by the court, subject to revision by the whole Court. This was not done, but left to the jury.

The counsel for the defendants objected to the admission of *parol evidence of any kind,* to aid in ascertaining the legal meaning and true construction of the vote, and yet a series of facts was displayed before the jury. And for what purpose ? Was it not expressly to influence them in forming their opinion, as to the meaning and effect of the vote ? The Judge was requested to give a construction to the vote of the town, and yet gave no direct and explicit instruction, except in connexion with the facts improperly let into the case ; if it can be said that any instructions were given, they were those relating to the transposition of the words, and which are too plainly wrong to require argument to shew it. The verdict in the former case proved that the plaintiff lost the cause for want of proof, that he had any title, and no parol evidence was admissible to control or falsify it ; and yet the judge permitted that question to be tried over on improper evi-

dence introduced by one side only, as the other could not come prepared *in that case.* The verdict also proves, that the line contended for by *Windham,* was the true line, and therefore the plaintiff could have lost no costs, " on account of *Gray* line," and was entitled to no indemnity by that vote. The loss of costs was because the plaintiff failed of shewing his title and seisin of the land. There is no ambiguity in the vote; but if the plaintiff is mistaken in this respect, and there is a latent ambiguity, it relates only to the words " on account of *Gray* line," and parol evidence would then be proper only to show what the dispute was, but would by no means. justify the admission of such proof to shew, that the action was in fact the suit of the town, and thus to alter the meaning of the vote. The plaintiff and the town had a mutual interest in the suit to settle the title to the land and the town line ; the town agreed to pay all costs incurred in settling the line, and no further, leaving him to pay the expenses in relation to the title. With a knowledge of this the plaintiff proceeded with his action, and has no claim against the town. The instructions and decisions of the Judge were clearly wrong, and the verdict should be set aside.

*Deblois,* in his argument for the plaintiff, said — that no parol proof was admitted to shew the meaning of the vote. The plaintiff placed his right of action on the ground that the original suit, for the costs of which this action is brought, was in its commencement and progress, and to its termination, the suit of the town in the name of the plaintiff; and to prove this the parol proof objected to was introduced, and the vote was read in proof of the ratification by the town of the doings of the agent and selectmen. The ratification of their acts is equivalent to a prior authority. *Kupfer* v. *Inhab. of Augusta,* 12 *Mass. R.* 185; *Abbot* v. *Hermon,* 7 *Greenl.* 118. As between individuals subsequent ratification is good. *Milliken* v. *Coombs,* 1 *Greenl.* 343 ; *Herring* v. *Polley,* 8 *Mass.* 113. Again, the admissibility of this testimony is justifiable on another ground. A promise may be implied on the part of a corporation from the acts of its agent, whose powers are, as in this case, of a general character. *Abbott* v. *Hermon,* 7 *Greenl.* 118. And *assumpsit* will lie for labor and expense. *Damon* v. *Granby,* 2 *Pick.* 345 ; *Taft* v. *Montague,*

14 *Mass. R.* 282.    Inferences may be drawn from corporate acts, tending to prove a contract or promise, as well as from the acts of an individual.    *Canal Bridge* v. *Gordon,* 1 *Pick.* 297; *Abbott* v. *Hermon,* 7 *Greenl.* 118; *Hayden* v. *Madison,* 7 *Greenl.* 76.    Corporations may be bound by an implied promise.    *Smith* v. *Cong. Meeting-house in Lowell,* 8 *Pick.* 178; *Davenport* v. *Hallowell,* 1 *Fairf.* 317.    Corporations may speak by their acts as well as votes, and for this purpose, the situation of the parties, the subject matter of their transactions, and the whole language of their instruments, are to be taken into consideration in determining the meaning of any particular sentence or provision. *Sumner* v. *Williams,* 8 *Mass R.* 214; *Fowle* v. *Bigelow,* 10 *Mass. R.* 379; *Davenport* v. *Hallowell,* 1 *Fairf.* 317; *Hopkins* v. *Young,* 11 *Mass. R.* 302; *Brewer* v. *Knapp,* 1 *Pick.* 332.    If the suit was commenced for the benefit of the town, they must take the risk, that the plaintiff had title.    *Walker* v. *Webber,* 3 *Fairf.* 60.

In order to get at the true construction of a contract, words may be transposed.    *Hobart* v. *Dodge,* 1 *Fairf.* 156; *Jones* v. *Fales,* 4 *Mass. R.* 245.

It does not appear from the report, that any evidence was actually admitted to shew, that the plaintiff had title to the land in the former trial, and a new trial is only granted from what appears on the report.    *Brunswick* v. *McKean,* 4 *Greenl.* 508; *Bond* v. *Cutler,* 7 *Mass.* 205.    But if it did appear by the report, it was proper to shew the inducement that the town had to commence the suit in the name of the plaintiff, and why they contracted to pay the costs; and this contravenes no rule of evidence, that a verdict is binding.    If there may be an implied promise to pay, as the authorities shew, then the possession of the plaintiff is a necessary part of the proof, and might well be considered, though contradicted by the evidence of the verdict.

But suppose the charge to be considered not strictly and sufficiently explicit, still substantial justice has been done by the verdict.    The jury have found, that it was the suit of the defendants in its commencement and progress; and the Court should not grant a new trial.    2 *T. R.* 4; 1 *Mass. R.* 237; 7 *Greenl.* 442; *ibid.* 141.

The action was continued for advisement, and the opinion of the Court was afterwards drawn up by

WESTON C. J. —— The vote of the town, upon which one of the counts in the plaintiff's declaration is based, would not, and could not, upon its mere production, maintain the action. It would be still necessary for the plaintiff to show that a suit had been instituted, and costs had been incurred, on account of *Gray* line. If he is not to be permitted to do this, the vote is merely illusory and inoperative. The parol testimony was not adduced to explain or extend the vote, but to apply it to its proper subject matter. It is of the same nature, with that which is received to show the location of monuments, referred to in a deed, or the identity of a party. It was not enough for the plaintiff to show, that he had a suit with *Atkins Small.* It was necessary for him to prove, that it was on account of *Gray* line. The writ would not show that fact. Or if on inspection, *Gray* line might be set forth as one of the bounds of the land described in the declaration, it would not thence appear, that the location of that line was in controversy, or that the action was brought to settle it. It appears to us, that the best evidence, the nature of the case admitted, was resorted to for this purpose; and that no legal objection to its competency can be sustained.

The vote assumes, that there was a dispute about *Gray* line. The plaintiff proved, that the proper town authorities of *Windham*, their selectmen and town agent, were desirous of having that line established. Aware that the plaintiff claimed a part of the disputed land, they solicited the privilege of bringing an action in his name against *Small*, an opposing claimant, avowedly for the purpose of determining the controverted line. The plaintiff was unwilling to be put forward in the controversy, unless he could be indemnified in relation to the expense, notifying them that he would run no risk, which might expose him to costs. Thus put upon their guard by the plaintiff, and apprized of the condition upon which alone he would consent to have his name used, the town authorities caused the action to be prosecuted, the writ having been made by the town agent, upon consultation with the selectmen. These facts were communicated to the

Baker *v.* The Inhabitants of Windham.

town, when the subject was brought before them in town meeting; and they are perfectly consistent with their vote, and render it intelligible. When once the fact is established, as it certainly is from the evidence, as well as from the express finding of the jury, that the suit was brought on account of *Gray* line, it results that all the costs arising in the same, were on the same account; and it was against these costs, that the vote undertook to indemnify the plaintiff. The vote in favor of *Varney* was admissible, not to explain or qualify the vote in favor of the plaintiff, but to show in connection with the parol testimony, that the plaintiff was not satisfied with such a vote, as passed to indemnify *Varney.* The plaintiff's case did not require this testimony. It merely went to corroborate, what was sufficiently proved before, that he was unwilling to incur the hazard of costs.

There can be no doubt that the plaintiff had interests involved in the suit, other than the costs, and this was well known to the town, when they passed their vote. It was for them to consider whether they would assume the whole expense of the prosecution, or require contribution from him. And being advised, that he would consent to the use of his name upon no other terms, they assumed the whole. And it was equally his right to consider and determine, whether he would bring an action on his own account, or whether he would not rather endeavor to compromise with the opposing interest, or forego his claim altogether. The result was, that he would not bring the suit on his own account, of which he apprized the agents of the town. But he said to them, and through them to the town, you may bring the suit in my name; but it must be upon the express condition, that I am not to run the hazard of any part of the expense; and thereupon followed the vote of indemnity.

If the town authorities acted advisedly, and one of them was by profession a lawyer, they must have contemplated that a lawsuit is liable to many contingencies. A defect of title on either side may develope itself, which had been overlooked. There may be an apparent defect, arising from a want of testimony to meet an objection unexpectedly made. It should have been foreseen, that the plaintiff might fail in his action from other

causes, than an adverse determination of the *Gray* line. And if upon such a result, they would have thrown the expense upon him, the selectmen and town agent, in their negotiations with him, and the town in their vote, should have provided accordingly. No condition to this effect is to be implied from the terms of the plaintiff, or the vote of the town. It was expressly negatived by the one, and not insisted upon by the other. Hence the evidence of title given by the plaintiff, on the trial of this cause, may be regarded as immaterial. It was not necessary to support the present action ; and it could not prejudice the defendants. The plaintiff did not volunteer his name for their use. They sought it ; and if they were disappointed in the result, the fault cannot be imputed to him, nor does it impair his claim to indemnity.

Aside from the parol testimony, which we are of opinion was properly received, the correctness of the transposition in the terms of the vote, to which the Judge resorted by way of illustration, might perhaps be questionable ; but with that testimony, it does appear that the action was brought on account of *Gray* line ; and hence the vote of indemnity extends to all the costs in that action, as the jury were instructed.

Upon the whole, we are of opinion, that the objections taken by the defendants have not been legally sustained.

*Judgment on the verdict.*