BENJAMIN W. GRIM *vs.* WILLIAM M. LEE, City Treasurer.

JUNE 29, 1912.

PRESENT: Johnson, Parkhurst, and Sweetland, JJ.

*(1)   Municipal Corporations.   Town Councils.   Town Officers.   Defence of*
*Police Officer.*

A town council has discretion to direct the town solicitor to defend a police
officer of the town, in a suit for damages growing out of his acts as such
officer, where they believe he was acting in good faith in the performance
of his duty in the matter, and the attorney may recover against the town
the reasonable value of his services

ASSUMPSIT.   Heard on exceptions of defendant, and over-
ruled.

PARKHURST, J.   This is an action of assumpsit to recover
the sum of three hundred ninety-three dollars for salary as
judge of probate and services rendered as town solicitor for
the town of Cranston.

The suit was commenced in the District Court of the Eighth Judicial District, and, on the entry day of the writ, a jury trial was claimed by the plaintiff. The case was tried before a justice of the Superior Court and a jury on October 30th and 31st, 1911, and, by direction of the court, the jury returned a verdict for the plaintiff for the sum of four hundred thirty-two dollars and fifty-five cents, the full amount of the plaintiff's claim with interest. The defendant now comes before this court with its bill of exceptions.

The defendant did not take an exception to the direction of a verdict by the court, the only exception being to the refusal of the court to charge the jury as follows:

"1. That the plaintiff cannot recover for that part of his claim from April 1st, 1909 to April 23rd, 1909, because there was no appropriation made by the town for the payment of the town solicitor.

"2. That the plaintiff cannot recover the sum of fifty dollars as charged for defending William H. Stone, a police officer of said Cranston, in a civil suit brought against him individually."

There was nothing for the court to do but refuse the first request, because no such claim was made by the plaintiff. A part of the plaintiff's claim was a balance of twenty-three dollars due for salary as Judge of Probate from April 1st, 1909 to April 19th, 1909. There is nothing in the record to show that the plaintiff ever made any claim for salary as town solicitor for said period between April 1st, 1909 and April 23rd, 1909. Therefore, the only question in this case that is before the court, for its consideration, is said request numbered "2."

The plaintiff testified without contradiction that he was directed by the town council when in session, and after he had explained the case to them, to defend William H. Stone, a police officer of the town, who had been sued in a civil suit for action taken by him in the discharge of his duty as a police officer; that a majority of the town council was present at the time when they directed him to defend the officer,

and it does not appear that any objection was made, nor does it appear that any formal vote was made or recorded in the matter. The plaintiff did so defend the officer, and charged $50 for the service and testified that the charge was a reasonable one for the service rendered, and this was not disputed by the defence. There was no testimony to the contrary. Later on the plaintiff presented his bill with this item to the council for allowance, and the same was duly allowed, and ordered paid; but it has not been paid, for reasons which do not appear in evidence.

We find no error in the refusal of the court below to charge as requested. We think it was in the discretion of the town council to direct its town solicitor to defend its police officer in a suit for damages growing out of his acts as such officer, if they believed he was acting in good faith in the performance of his duty in the matter complained of in the suit against him. The general principle involved was carefully considered in the case of *Sherman* v. *Carr*, 8 R. I. 431. The court, after discussing the law applicable to cases of this nature, said: "It would seem, therefore, to be the wisest to leave the indemnification of the officer to the discretion of those who represent the interests of the city, that, on the one hand, they should not be without the power to indemnify a meritorious officer, acting in good faith, for the consequences of his conduct, and on the other hand, they should not be obliged to protect every officer, though acting in good faith, under circumstances which seem to them to indicate a blamable want of care and caution. Under such a state of the law, every executive officer of the corporation would feel that he was acting as the servant and agent of that corporation, relying upon their good faith and good judgment toward him, so long as he acted in good faith and good judgment in the discharge of his duties.

"This distribution of power, which would be practically the wisest in the administration of municipal affairs, is the one which we understand to be in accordance with the existing law and long continued practice in this State." . . .

"We know of no case in which, while the officer continues to act in behalf of the community, and not in his own behalf, it is held that the community cannot indemnify him."

As to the general power of towns to indemnify their officers against claims for damages, see Cooley, Cons. Lim. 7th Ed. pp. 306, 308; 1 Abbott, Mun. Corp. p. 694; *Hadsell* v. *Hancock,* 3 Gray, 526; *Nelson* v. *Milford,* 7 Pick. 18; *Bancroft* v. *Lynnfield,* 18 Pick. 566; *Fuller* v. *Groton,* 11 Gray, 340; *Baker* v. *Windham,* 13 Me. 74; *Briggs* v. *Whipple,* 6 Vt. 95.

In the case of *Pike* v. *Middleton,* 12 N. H. 278, it was held that selectmen, who under the law "shall have the ordering and managing of all the prudential affairs of the town," have the power to make a valid agreement to indemnify the tax collector from the costs and expenses of defending actions brought against him, for acts done in the performance of his duties.

Some question was attempted to be raised in this case, as to whether appropriations had been lawfully made, under which money could be lawfully applied to pay the claims made by the plaintiff. It clearly appears from the record that such appropriations were made, which fully cover all of the items in suit.

The defendant's counsel also claims in his brief that the same questions involved in the suit of *Patrick Trainor* v. *William M. Lee, City Treasurer* (34 R. I. 345), are raised in this case, viz.: regarding the contention that the town of Cranston had exceeded its debt-limit, and so could not lawfully contract for the plaintiff's services. In this the defendant's counsel is in error. No such question was raised in this case, either by special plea or by the offer of evidence, and if it had been it is fully disposed of in *Trainor* v. *Lee, supra.*

The defendant's exceptions are overruled, and the case is remitted to the Superior Court, with direction to enter judgment for the plaintiff upon the verdict directed by the court.

*Clarence A. Aldrich, Benjamin W. Grim,* for plaintiff.
*John P. Brennan,* for defendant.