COUNTY OF MARQUETTE v. JOHN DILLON, TREASURER OF
THE CITY OF ISHPEMING.

*County treasurer—Collector of liquor tax.*

A county does not guarantee the integrity of its officers and is
not legally bound to answer for their misconduct ; as where the
county treasurer embezzles or loses funds which, as an agent of the
townships and cities of the county, he is required to place to their
credit.

The Liquor Tax Law (Act 228 of 1875, § 13) requires the county
treasurer to place the money collected thereunder to the credit of the
contingent fund of the township, village or city from which it was
collected. *Held* that in collecting and accounting for the tax the
treasurer is the agent of the municipalities and not of the county ;
and that his failure to account for it does not warrant a municipal-
ity in withholding an equivalent amount from the county taxes.

The county, as such, has no right to the liquor tax collected by the county
treasurer under Act 228 of 1875 ; it belonged to the township, city
or village from which it was collected.

MANDAMUS.   Submitted Oct. 4.   Granted Oct. 18.

Prosecuting Attorney *John Q. Adams* and *W. P. Healy*
for relator.

*E. E. Osborn* for respondent.   Where a township treas-
urer is designated by law to collect from the township and
pay over to the county the county tax, he acts as the agent
of the county instead of the township and the county cannot
hold the township for his failure to pay over the money col-
lected :  *Hart Township v. Oceana County* 44 Mich. 418.

COOLEY, J.   The relator seeks in this proceeding to com-
pel the city treasurer of Ishpeming to pay over the moneys
collected by him for county taxes for the year 1881.   The
respondent declines to make payment, and for justification
asserts that the county treasurer collected for the previous
year an equal or larger sum for taxes assessed upon the
liquor traffic in the city of Ishpeming, which it was his duty

to pay into the city treasury, but which he wrongfully withheld.

There seems to be no dispute that the late county treasurer did collect liquor taxes to which the city of Ishpeming is entitled, to an amount exceeding the county tax which the respondent withholds. It is intimated, but not proved, that he applied the moneys to county purposes, but it is conceded that he never accounted to the county, and was a defaulter to a large amount. The important question now is whether, when the county treasurer collects liquor taxes, they are to be considered as received by the county, so as to render the county liable in case of loss or embezzlement.

The levy of the liquor tax is for the benefit of the respective municipalities. The county treasurer is to receive them from such persons as will voluntarily pay at his office, (Public Acts 1877, p. 234, § 7,) and is to issue to the sheriff a warrant for collection from delinquents. Ibid. p. 235, § 8. The sheriff makes return of his collections to the county treasurer. Ibid. p. 236, § 11. The statute then provides that " All moneys collected by any treasurer under the provisions of this act, except the fees and percentage herein allowed to him as compensation, which may be retained by such treasurer as his fees, shall be by him placed to the credit of the contingent fund of the township, village, or city from which the same was collected, and the same shall be by such township, village, or city [applied as other contingent funds." Public Acts, 1875, p. 278, § 13.

It is manifest from these provisions that the county treasurer in collecting and accounting for the taxes upon the liquor traffic is acting as the agent of the municipalities and not of the county. The moneys do not go into the county treasury, but constitute a separate fund with which the county has nothing whatever to do, which would be in no particular and to no extent under the control of the board of supervisors, or of any other county officer or authority. The treasurer accounts directly to the municipalities, and any use of the moneys for county purposes would be a misappropriation. This being so it is clear that the respondent

fails to excuse his failure to pay over the county tax for the last year. A demand against the county treasurer arising out of his failure in his duty to the city cannot be offset against any unquestioned and indisputable claim of the county. The county does not guaranty the integrity of its officers, and is not legally bound to answer for their misconduct.

The writ must issue as prayed.

The other Justices concurred.