THE COUNTY OF ALCONA v. ROBERT WHITE ET AL.

*County clerk—State road commissioners—Road taxes.*

1. Certiorari to review an allowance against a county may be sued out by the clerk of the board of supervisors, and it is assumed that in doing so he has the authority of the board if it does not repudiate his action. And it is unimportant that he sues it out as county clerk.

2. Special commissioners, named by statute, to lay out State roads are not county officers though required, for purposes of record, to render an account of their proceedings to the board of supervisors.

3. Moneys raised by road-district taxes as a special fund established by legislation for the construction of State roads are not county moneys though placed in the county treasurer's hands for safe-keeping.

Certiorari to commissioners appointed to adjust rights between Alcona and Oscoda counties. Submitted June 12. Decided September 23.

*W. E. DePew* and *A. McDonell* for plaintiff in certiorari.

*John L. Kittle* and *Shepard & Lyon* for defendants in certiorari.

COOLEY, C. J. This proceeding is instituted for the review on certiorari of the action of a special statutory board in apportioning the property and moneys of the old county of Alcona between the county of Alcona as it now exists and the county of Oscoda which has been set off from it. The only part of the action complained of is the allowance to the county of Oscoda of part of a certain sum of money supposed to be in the treasury of the county of Alcona and since the division to belong to the two jointly. The application for the writ of certiorari was made by the county clerk, professedly on behalf of the county; and it is objected on the part of respondents that the clerk has no authority to institute such a proceeding without the special direction of

the board of supervisors, which the application does not show that he had in this case. But as the county clerk is also clerk of the board of supervisors, and there is no showing or suggestion that his action is repudiated by the board, we think it must be assumed that he is properly authorized, especially as the proceeding in itself seems to be entirely proper, and has for its object to inquire into the legality of an allowance with which the county for which he acts now stands charged.

The question on the merits is presented by the following state of facts:

By Act No. 404 of 1869 (3 Sess. L. 1127) a State road was directed to be laid out and established in the county of Alcona on a designated route, and all the non-resident highway taxes for five years collected in certain specified townships, were appropriated for the purposes of the road. John McCall was appointed commissioner for the laying out and construction of such road, and the moneys appropriated therefor were directed to be paid over to the county treasurer and by him to the commissioner. The commissioner was required to render periodical accounts of his proceedings to the supervisors of the county, and if a vacancy should occur in his office the Governor was empowered to fill it. By Act 394 of 1873 (3 Sess. L. 186) the road so to be laid out was extended, and a further appropriation of highway taxes was made for it. By Act No. 438 of 1871 (3 Sess. L. 183) provision was made for another road in Alcona county, of which A. F. Gay was to be commissioner, and there was a like appropriation of highway taxes, which were to be disposed of in the same way as under the act first named. These roads are now partly in the county of Oscoda, and the taxes appropriated to them have been in part collected in that county.

When the county of Oscoda was set off from Alcona there should have been in the hands of the county treasurer of Alcona a considerable sum of money collected for these two roads. It is said there has been a defalcation in the office of county treasurer of that county, and that the money is not

on hand; but for the purposes of this case we shall assume that the defalcation is an immaterial fact. The question, then, is, whether, assuming the moneys to be now in the hands of the county treasurer, the county of Oscoda is entitled to a proportion of the sum.

If the moneys appropriated to these roads belonged to the county of Alcona while held by its treasurer, the claim of Oscoda county to its proportion of them was perfectly just and legal. But the most cursory examination of the acts referred to must be convincing that these moneys never belonged to the county, and never went into the hands of its treasurer as its property. They were received for taxes levied in road districts, and the legislation made them special funds for the construction of these roads. The funds were to be held by the county treasurer, but the county never had any proprietary interest in them, and could not have made use of them for any purpose. They were held by the county treasurer as special custodian for an officer appointed by the State, and who was in no sense a county officer. The account of his proceedings was required to be rendered to the board of supervisors for the purposes of a suitable and convenient record only, and not because either the commissioner or the fund was under county control.

The cases of *Dawson v. Aurelius* 49 Mich. 479 and *Marquette v. Ishpeming Treasurer* 49 Mich. 244 presented similar questions, and are authority for the conclusion above stated. An error was committed in awarding to Oscoda county a portion of these funds, and to that extent the allowance must be vacated. The amount is $8549.57.

The other Justices concurred.