JOHN W. DAWSON v. TOWNSHIP OF AURELIUS.

*Townships—Drain taxes—Agency of officers.*

Townships are not accountable for the moneys levied for drain taxes. Act 140 of 1875.

The laying out of drains is not a township matter, but is a neighborhood concern; the taxes levied for that purpose are local assessments; the township treasurer in collecting them, and the township board of drain commissioners, in drawing orders on the fund, are not acting as agents of the township, nor does the township board exercise an independent discretion in drawing the orders; it acts on the determination of the local drain commissioner and is not obliged to look beyond his report for its authority.

A township is not responsible for the defaults and misconduct of its drain commissioner in the performance of his statutory duties.

Error to Ingham. Submitted Oct. 18. Decided Oct. 31.

ASSUMPSIT. Defendant brings error. Reversed.

*Huntington & Henderson* for appellant. A municipal corporation is not liable for the acts of officers when they are not done for the municipality in its corporate capacity, and the corporation cannot control them: Dill. Mun. Corp. § 772.

*Chatterton & Haynes* for appellee.

COOLEY, J. This is an action of *assumpsit* to recover the amount of a drain tax, which plaintiff had paid to the township treasurer under protest, and which the treasurer had subsequently paid out on the order of the township board. The proceedings in laying out the drain were found to be illegal, by reason of the failure of the drain commissioner to comply with certain provisions of the statute, and the ground of recovery relied upon is that the township has received the plaintiff's money without right, and has appropriated it to the use of others without authority of law.

On the finding of facts the case must turn on the question whether the township can be deemed to have received the plaintiff's money. If it has, it must account for it; if not, there is no claim against it. And it is very clear, we think, that under the statute the township never receives the money levied for drain taxes, and never becomes accountable for it.

Township drain commissioners are elected in the townships, but they have their independent duties to perform, in respect to which they neither are under the control of the township nor is the township as such in any manner concerned. The laying out of drains is commonly a matter of mere neighborhood interest; they affect small bodies of land; the taxes laid are local assessments, and do not and cannot under the statute become a general charge. In the performance of his duties, the commissioner is in no sense the agent of the township, and there is no township responsibility for his defaults or misconduct.

It is true these local levies are collected by the township

treasurer and "received into the township treasury;" Pub.
Acts 1875, p. 173, § 10; but they are not received for the
township, and do not at any time become a part of the
township moneys. In the treasurer's hands they are a speci-
fied fund; collected as such and held by him to be paid out
on orders drawn on that fund in favor of the persons found
to have claims upon it. The determination of these claims
is made by the drain commissioner, and the township board
draw orders on his determination, but exercise in respect to
it no independent discretion of their own, and are under no
obligation to look beyond the commissioner's report. Ibid.
p. 175, § 18. But in drawing these orders the officers are
not the agents of the town. The matter, as already stated,
is not a town matter, but a mere neighborhood concern.
For convenience and to avoid a multiplicity of officers, cer-
tain township officers are charged with duties in connection
with it; but this is a mere matter of administration; it does
not change the nature of the proceeding, and it certainly
does not clothe the officers in what they do with a township
agency, for the very manifest reason that the township is not
in any sense, as regards the duties performed by them, a
principal.

The moneys sued for in this case were paid out to the
persons shown by the commissioner's report to be entitled
to them. The township has therefore never misappropriated
them, and the injustice of calling upon the township to
respond for them is manifest.

The judgment must be reversed with costs and a new trial
ordered.

The other Justices concurred.