JOHN WALLACE v. JOHN SORTOR, JUSTUS SORTOR, HENDRICK
SORTOR, SETH P. TINSMAN AND FRED WEILNAU.

*Drain taxes—Interpleader.*

1. A bill of interpleader is not the proper proceeding to enable a town-
ship treasurer to determine the right to the amount of specific drain
taxes assessed against particular pieces of property and paid under
protest, where the several property-owners, on the one hand, claim
that the taxes are illegal and should be refunded, and, on the other,
those individuals who have received township orders against the
specific sums so paid, but whose interests are not themselves con-
flicting, present their orders to the township treasurer to be cashed.

2. A bill in chancery will not lie where the amount in controversy is less
than $100 ; nor will it where the entire amount is more than that,
but has to be disposed of under separate issues no one of which in-
volves so much.

3. The amount of drain tax collected against any specific parcel of land
is a separate fund by itself, and is not to be confounded with any
other assessment ; the money obtained on one allotment cannot be
appropriated on account of any other. And though such taxes are
paid into the township treasury they do not become township.
moneys.

Appeal from Monroe. (Joslyn, J.)  Oct. 26.—Dec. 20.

BILL of interpleader. Defendants Sortor appeal. Re-
versed.

*Grosvenor & Landon* for complainant.

*Ephraim Baldwin* and *Otis A. Critchett* for defendants.

GRAVES, C. J.  The complainant being the treasurer of
the township of Raisinville, in the county of Monroe, was
required to collect the taxes levied in 1881.  He found
upon the roll a distinct and special charge against each of
the defendants Sortor, on account of a drain or ditch then
recently made.  They respectively refused payment, and
he seized certain property of each to compel it.  They sev-

erally denied liability upon the ground that the tax was illegal. But in order to save their property from sale, they paid under protest, and each brought his separate action against the complainant to recover back what he had paid.

Meanwhile, the defendant Tinsman had received an order from the township board against the share of liability which had been charged on defendant Hendrick Sortor, and the defendant Weilnau another order against the share of liability which had been charged on the defendants John and Justus Sortor respectively, and these orders being presented for payment were refused. This bill was then filed by complainant to compel the several defendants to "interplead and settle and adjust their said demands between themselves."

The defendants Sortor put in separate answers, and severally alleged that the proceedings to lay out and establish the drain and assess the tax were invalid, and the assessments void. They also claimed the benefit of a demurrer. The defendants Tinsman and Weilnau put in a joint and several answer, and insisted that they were entitled to payment of the orders, and that the proceedings to lay out and establish the drain were legal. The complainant filed a general replication, and the circuit judge proceeded to hear the matter on these pleadings, and he decreed that the bill was properly filed, and that the defendants should interplead and settle the matters in controversy between themselves, and he dismissed complainant with his costs to be paid out of the fund. The defendants Sortor appealed.

In considering the case under the form in which it now appears we are not to extend our views to any matters which are not presented by the bill. Independent statements of fact in the answers are not to weigh in the present aspect of the suit, and if we accept the showing made by the bill, does it exhibit a case for the jurisdiction of interpleader?

The exposition made by the bill is extremely meager. There is no explanation whatever of the origin of the claims which are supposed to conflict. The drain proceedings are

not described, and no hint is suggested concerning the nature of the objections. We are not informed when the ditch was established, nor when the work was performed, nor by whom, nor are we told what is claimed on these points. Indeed, there is no mention even of the law under which the work was done and the contested charges imposed. We are informed by the brief of the learned counsel for complainant, that the proceedings were under the Township Drain Law of 1871, (Comp. L. p. 586.) But here there is nothing said about the amendments made in 1875. It is scarcely possible that they are irrelevant.

Now it is plainly essential to ascertain the relation of one to another of the claims brought against individuals on account of the construction of drains under the township law. That they possess a character peculiarly their own is very apparent. *Dawson v. Aurelius Township* 49 Mich. 479. The law provides for assigning to each parcel of land to be drained or benefited the construction and maintenance of a distinct and specified portion of the drain, and the share marked out as due from that identical parcel is made a lien on it and an "obligation against the owner." In case he neglects to perform the allotment within a given time it becomes the duty of the drain commissioner to let the work to some one else, and on its performance to give a certificate to the contractor showing the amount and value and the description of the particular parcel of land against which the work is done. Unless the person whose allotment has been so worked pays the proper sum to the township treasurer and files a receipt with the clerk within a certain time, the clerk is to certify the item to the supervisor, who is required to levy it on the very land to which it applies. When collected, the sum is "received into the township treasury," but not as township moneys. *Dawson v. Aurelius Township* supra. It can be paid out only to the person entitled to receive THE SAME, on the order of the township board.

On examination of the statute it becomes clear that the charge against each parcel is a matter by itself, and that

the money received on account of it composes a distinct fund not to be confounded with any other of the same class, even though pertaining to the same ditch or drain. In a general sense these levies all fall into one category, which may be called for convenience a "ditch tax" or "ditch fund." But as between themselves they are separate and distinct. They are not capable of being blended into a common mass, and the money arising on one allotment cannot be appropriated on account of any other. Moreover, each may have its own peculiar questions of legality.

We may refer now to the relations which the defendants bear to each other and to the object of contention. There is no ground of controversy at all between the defendants Sortor. They are so many individuals separately setting up their several claims, neither of which has connection with any others or with any fund to which the others refer. Moreover, it does not appear that the same question is up in any two cases. So far as seen, each one may depend on a question peculiar to itself. No issue is possible between the defendants Sortor.

The same principle applies to the defendants Tinsman and Weilnau. As between them, there is no ground of contention. There is nothing on which to found an issue. How is it as between the Sortors, on the one hand, and Tinsman and Weilnau on the other? Tinsman has no concern with what is claimed by either John or Justus Sortor, and Weilnau has no interest in what is claimed by Hendrick Sortor, and there is no subject of controversy with which either of the Sortors has any business outside the matter of his own tax. The circumstance that Weilnau's order covers the shares of both John and Justus Sortor has no operation to unite those persons as joint or co-parties for the purpose of a litigation with him. There is no theory on which it would be possible to devise an issue with the Sortors as contestants on one side, and Tinsman and Weilnau on the other. It is not a case where one group of persons is arrayed against another in claiming a whole fund, nor a case where separate parts of a single fund are claimed by

A., B. and C. against D., E. and F., nor is it a case of promiscuous scramble either for the whole or for separate items of the same fund. There is no common fund to serve as a focus of conflicting interests. There may be similarity of questions, and that kind of common interest naturally arising from that circumstance, but that is not an interest in the subject of contention.

The case in hand differs fundamentally from *School District No. 1 of Grand Haven v. Weston* 31 Mich. 85. There the complainant was in the situation of a trustee holding an entire sum by a title which no one disputed, and numerous parties were striving to get portions which in the aggregate very greatly exceeded the whole body of the fund. Their pursuit was on separate grounds of claim and by different methods; but the demands of all were against the same thing. The extent to which any ought to partake directly depended on the existence and magnitude of the rights variously set up, and all the controversies centered in the single fund. In this respect there was no diversity.

In the case before us, so far as we can gather from the bill, the state of things is different. There are several objects of controversy without any common interest. Suppose it to be admitted that the bill states transactions from which it would be possible to carve issues for interpleader. Even then it would be unavoidable to acknowledge at least three perfectly distinct grounds of contention. Three or more independent issues would be required to accommodate the conditions of hostility, and three unconnected litigations. They could not be intermingled in the same case. There would be certainly one issue between Hendrick Sortor and Tinsman, a second between Weilnau and John Sortor and a third between Weilnau and Justus Sortor.

But even here a further difficulty appears. The whole subject of controversy is only about $135, and neither of such issues would involve $100.

On the whole it appears impossible to discover any ground on which the bill can be supported. The brief of the learned

counsel for complainant is very strong, but it cannot transform the actual transactions.

The decree should be reversed, and the bill dismissed with costs.

The other Justices concurred.