W. IRVING TAYLOR v. THE TOWNSHIP OF AVON.

*Taxes—Payment under protest—Drain taxes—Liability of township.*

1. An action to recover *drain* taxes paid to the township treasurer under protest, in reliance upon section 42 of the tax law of 1885, cannot be maintained against the township, said section only applying to taxes assessed under said *general* tax law.

2. A township is not liable for the torts and misdoings of its officers in laying out drains, and in collecting the taxes for benefits.

Error to Oakland. (Moore, J.) Argued January 24, 1889. Decided February 1, 1889.

Case to recover drain taxes claimed to have been illegally assessed, and paid under protest. Defendant brings error. Reversed. The facts are stated in the opinion.

*Geer & Williams,* for appellant.

*Aaron Perry,* for plaintiff.

CHAMPLIN, J. In the assessment roll of the year 1887 the supervisor spread an assessment reported to him by the town clerk of the township of Avon, for benefits set opposite the N. part of the E ½ of the N. W. ¼ of section 33, bounded south by Cone's land, of $49.96. This land was owned by the plaintiff, and he paid the tax to the township treasurer under a written protest against the legality of the tax, and then brought this action in a plea of trespass on the case to recover it back. The declaration sets out that the supervisor wrongfully and illegally assessed a tax purporting to be a drain or ditch tax for the Taylor drain, so called, against the plaintiff, and purporting to be on his premises, for $49.96, and

also purporting to be for benefits accruing to plaintiff and his lands because of the establishment and construction of said drain; that such tax roll, with said tax assessed thereon, was delivered to the township treasurer, with the warrant of said supervisor to said treasurer for the collection of said tax, and, said treasurer having wrongfully demanded said tax and his fees for collection, plaintiff, in conformity with section 42, Act No. 153, Laws of 1885, delivered to said treasurer a protest signed by him, and which is fully set out in the declaration, and delivered to said treasurer the said tax of $49.96, and his fees of two dollars for collection; and, because said tax is illegal for the reasons set out in the protest, an action hath accrued to plaintiff to recover said tax and interest.

The objection is taken that this action will not lie against the township. The plaintiff, however, insists that it is authorized by section 42, Act No. 153, Laws of 1885. This act is the general tax law for the assessment of property and levy of taxes for State, county, town, school, and highway purposes, and relates to no other kind of taxes. Section 42 applies only to the taxes authorized to be assessed by Act No. 153. Drain taxes for benefits do not come within the letter or spirit of this act. The taxes assessed for the construction of drains, as benefits derived to the lands assessed, are authorized, and the mode of procedure to assess and collect the same is provided for, in Act No. 227, Laws of 1885. These taxes are special, and raised and set apart for a special purpose, and can be applied to no other. They are not raised by the township for any of the purposes for which township taxes are assessed and raised. When collected, they are held by the township treasurer subject to be paid out on the order of the drain commissioner, countersigned by the township clerk. The supervisor acts merely in a ministerial

capacity in placing such taxes upon the tax roll of his township. The taxes are assessed by the drain commissioner, who files his assessment roll with the township clerk, and he delivers to the supervisor a certified statement of the lands to be taxed, and the amount assessed thereon, for any particular drain, and the law makes it the duty of the supervisor to spread the same upon the tax roll under the head of "Drain Taxes." The tax roll is delivered to the township treasurer, and he is invested with the same authority to collect the drain taxes as he has to collect the other taxes upon the roll. The statute provides that—

"In case of drains established by the township drain commissioner, the taxes, when collected, shall be disbursed by the township treasurer."

We see no reason why the township is or should be liable for the illegalities in the proceedings to lay out and establish a drain, or why it should be obliged to pay back taxes illegally assessed and collected for drain taxes. If this judgment against the township is affirmed, it will have to be collected by a general levy upon the town, instead of lands specially benefited by the drain, and there is no way for the town to reimburse itself. If the township was legally liable for the torts and misdoings of its officers in laying out drains, and collecting the taxes for benefits, this would be no objection; but there is no statute making it liable, and there is no general principle of law upon which such liability can be based. *Dawson v. Township of Aurelius*, 49 Mich. 479 (13 N. W. Rep. 824); *Camp v. Township of Algansee*, 50 Id. 4 (14 N. W. Rep. 672); *Anderson v. Hill*, 54 Id. 485 (20 N. W. Rep. 549).

As this disposes of the plaintiff's right of action, the other points raised will not be discussed.

The judgment must be reversed, and a judgment

entered here for defendant, with costs of both courts, as in *Camp v. Township of Algansee,* 50 Mich. 4. Let judgment be entered accordingly.

The other Justices concurred.