EZRA MASON, TREASURER OF SHIAWASSEE COUNTY, v. THE SUPERVISOR OF THE TOWNSHIP OF HAZELTON.

*Taxes—Accounting between township and county—Interest.*

1. A township is liable to the county for drain taxes assessed under the *township* drain law of 1869 (Act No. 39, Laws of 1869), and charged back to the county by the Auditor General on their being declared void by the court, where it has had the benefit, not only of a credit for such taxes on its settlement with the county, but of the money, which it has disbursed.

2. As under our system of taxation there can be no outlawry as between the State and the county, the same rule should apply to the county and township.

3. A township liable to the county for taxes rejected by the Auditor General is also liable for the interest legally chargeable to the county on such taxes. *Auditor General v. Supervisors*, 74 Mich. 536.

4. A parcel of *non-taxable* State land was returned to the Auditor General for the taxes levied thereon in the year 1850, amounting to $8.97. In 1887 the Auditor General charged the original tax, and interest thereon, amounting to $96.49, back to the county. And it is held that the primary mistake in assessing the land was that of the township, which had credit for the tax, which must be refunded to the county, and that this can be done by spreading the tax and interest upon the entire township.

*Mandamus.* Submitted June 10, 1890. Granted October 10, 1890.

Relator applied for *mandamus* to compel respondent to spread certain taxes upon the assessment roll of his township. The facts are stated in the opinion.

*Selden S. Miner* (*Marston, Cowles & Jerome,* of counsel), for relator, contended:

1. It is undoubtedly true that ditch orders are not general town-

ship charges; citing *Cathcart v. Treasurer*, 38 Mich. 243; *Dawson v. Township of Aurelius*, 49 Id. 479; but no such question enters with the present case.

2. A county is entitled to a return of money or *valid* delinquent taxes to the amount of the levy; citing *Oceana Co. v. Supervisor*, 48 Mich. 319; *Auditor General v. Supervisors*, 36 Id. 70.

3. Money paid under a mutual mistake for that which has no legal existence or validity may be recovered back as paid without consideration; citing *McGoren v. Avery*, 37 Mich. 120; and this is upon the general doctrine that one shall not be permitted unjustly to profit at another's expense. This doctrine, sometimes called that of "enrichment," was the basis of the action of *indebitatus assumpsit*, and has been repeatedly recognized by this Court; citing *Walker v. Conant*, 65 Mich. 194; *Hall v. Kimmer*, 61 Id. 270; *Anderson v. Hill*, 54 Id. 478; *Decatur v. Township Board*, 33 Id. 335; *People v. Township*, 18 Id. 102.

4. How. Stat. § 1149, expressly recognizes the payment of the money to the township by the county treasurer on settlement with the township treasurer.

5. The action of the board of supervisors in reassessing these taxes upon the property of the township was presumptively regular; citing *Drennan v. Beierlein*, 49 Mich. 273; and if respondent wished to contest that question, it was its duty to set up such facts in its answer, relating to the decision of the circuit court, as might show that the taxes were set aside for reasons which would not permit such reassessment.

6. A settlement between the county and township before the taxes were charged back will not prevent the recovery of a balance afterwards found due, but omitted from the account; citing *Boardman Township v. Flagg*, 70 Mich. 372; *Auditor General v. Supervisors*, 62 Id. 579.

7. On the questions of interest and statutes of limitations, counsel cited *Auditor General v. Supervisors*, 74 Mich. 536; *Auditor General v. Supervisors*, 62 Id. 579; *Auditor General v. Supervisors*, 36 Id. 70.

*Hugh McCurdy*, for respondent, contended:

1. In support of the claim that the township is not legally liable to pay the delinquent drain taxes, even if the county treasurer has paid them to the township treasurer, counsel cited *Dawson v. Township of Aurelius*, 49 Mich. 479; *Camp v. Township of Algansee*, 50 Id. 4; *Wallace v. Sortor*, 52 Id. 159; *Emerson v. Township of Walker*, 63 Id. 483; *Barker v. Township of Vernon*, Id. 517; *Taylor v. Township of Avon*, 73 Id. 604.

Morse, J. This case differs in some respects from that of *Mason v. Supervisor, ante,* 335. There are two items in controversy:

1. An item of drain taxes in relation to a township drain. There were returned in 1871 for the taxes of 1870, and in 1872 for the taxes of 1871, among other delinquent lands, by the township treasurer to the county treasurer of Shiawassee county, certain lands for delinquent or uncollected township ditch taxes. These taxes amounted to $521.27. These lands were returned by the county treasurer to the Auditor General, and, upon his books, the amount of the taxes credited to the county in its account with the State. These taxes, being subsequently declared void by the circuit court of Shiawassee county, were charged back to the county, with interest and expenses, as appears by the statement of the Auditor General on following page.

The taxes then with interest and expenses amounted to $829.48. The board of supervisors of Shiawassee county, at their session in January, 1879, passed a resolution that said taxes, interest, and expenses be charged back against the township of Hazelton. This was done, and such amount has ever since been upon the books of the county treasurer, as a charge against said township, and has never been paid or settled for.

2. At the October session of the board of supervisors for 1887, it was ordered that another item of $105.46 be assessed at large against the township of Hazelton. This item is claimed as a debt due from the township to the county by reason of the following facts: In 1850, the township officers listed and assessed for taxation a piece of State land, not subject to taxation at that time. The State, county, and township taxes on this land were $7.21; highway tax, $1.76,—total, $8.97. This land was returned

AUDITOR GENERAL'S OFFICE,
LANSING, MICH., June 29, 1878.

Statement of lands in Shiawassee county returned delinquent for taxes of A. D. 1876 and prior years, and this day charged forward to county.

| Year | Description | Section | Town | Range | Drain Tax | Total Tax | Interest | Expenses | Reason |
|---|---|---|---|---|---|---|---|---|---|
| 1870 | S. ½ of N. E. fr. ¼ | 4 | 8 N | 4 E | $30 48 | $ 30 48 | $ 19 96 | $1 50 | |
| 1870 | S. ½ of N. W. fr. ¼ | 4 | 8 N | 4 E | 123 56 | 123 56 | 80 65 | 1 50 | Declared void by Circuit Court. |
| 1871 | E. pt. of N. ½ of N. E. ¼ | 5 | 8 N | 4 E | 27 10 | 27 10 | 14 77 | 1 50 | |
| 1871 | S. ½ of N. W. fr. ¼ | 5 | 8 N | 4 E | 170 09 | 170 09 | 92 70 | 1 50 | |
| 1871 | S. ½ of N. E. ¼ | 5 | 8 N | 4 E | 170 09 | 170 09 | 92 70 | 1 50 | |

in due course to the Auditor General for delinquent taxes. On June 30, 1887, the Auditor General charged back to the county of Shiawassee the sum of $105.46, by reason of this mistake, the interest on this tax of $8.97 having amounted, by the method of compounding interest in the office of the Auditor General, to the sum of $96.49.

In relation to the first item, of $829.48, which I shall now again consider, it is claimed by the relator, and admitted by the respondent, that the township was indebted to the county, February 1, 1871, upon an old account. The amount required to be raised by the township by taxation, in 1870, was: Old account, $1,507.14; State tax, $198.10; county tax, $732.47; returning fee, $10; primary school money, $155.82,—besides the township, highway, school, and drain taxes. The account, as it stood upon the county treasurer's books, for the year 1871, is as follows:

TOWNSHIP OF HAZELTON, DR.

| | | |
|---|---|---|
| Feb. 1, 1871. | To this amount of old account | $1,507 14 |
| "  "  " | "  "  "  " State tax | 198 10 |
| "  "  " | "  "  "  " county tax | 732 47 |
| "  "  " | "  "  "  " returning fee | 10 00 |
| June 14, " | To this amount of primary school money | 155 82 |
| Feb. 2, " | To this amount paid town treasurer per receipts | 156 16 |
| May 29, " | To this amount paid town treasurer per receipts | 100 00 |
| Nov. 27, " | To this amount paid town treasurer per receipts | 1,397 85 |
| | | $4,257 54 |

CR.

| | | |
|---|---|---|
| Feb. 1, 1871. | By this am't lands returned | $4,091 72 |
| "  "  " | "  "  " returning fee | 10 00 |
| June 14, " | "  "  " primary school money | 155 82 |
| | | $4,257 54 |

It will be seen that the county paid in cash the balance between the amount of taxes returned upon delin-

quent lands and the total or aggregate of the old account and State and county taxes,—in other words, paid in cash the amount of the township, school, highway, and *ditch* taxes levied upon these delinquent lands, to the township treasurer, who, presumably, used the same in payment of those taxes. The account for 1872 was balanced in the same way, and it is admitted that, at each yearly settlement thereafter, the account between the county and township was settled and balanced, and there was no claim of any indebtedness of the township to the county until this item of $829.48 was charged to the township, in 1879. The claim of the relator that the township has not paid the State and county taxes for the years 1870 and 1871, as set forth in his petition, is denied by the respondent, and is not borne out by the record. This sum of $829.48 belongs to the ditch taxes of those years, and the claim of the county for its assessment upon the township rests upon the theory that the money was paid to the township treasurer by the county treasurer, and the township has had it, and, in justice and equity, ought to refund it, and to pay the same interest that, under our decisions, the State has been permitted to collect against the county.

These drain taxes were assessed upon the lands in 1870 and 1871, under Act No. 39, Laws of 1869, which was an act entitled—

"An act authorizing the locating, establishing, and constructing of ditches, drains, and water-courses by highway commissioners of townships, and repealing all acts relating thereto."

The act provided that the cost and expense of the ditches should be apportioned by the highway commissioners, and, if not paid, such commissioners should certify their apportionment, and the amount to be assessed against each parcel of land affected by such ditch, to the supervisor, whose duty it was to enter the same upon his

tax roll in a column entitled "Delinquent Ditch Tax,"—

"To be levied and collected in the same manner as other taxes, and to be paid out by the treasurer upon the order of the highway commissioners to the persons entitled to receive the same." Laws of 1869, Act No. 39, pp. 64, 65, § 10.

Section 11 of the same act provides that—

"When the taxes so levied shall not be collected by the township treasurer, the land upon which they are levied shall be returned, advertised, and sold, in the same manner as is provided for in other cases; and the county treasurer shall pay to the township treasurer all such taxes, so soon as collected, to be paid out as before provided."

It thus becomes important to consider how other taxes were levied and collected. The following sections of the tax law of 1869 are in point:

How. Stat. SEC. 1053. The township treasurer shall pay the county treasurer the sum required in his warrant, either in delinquent taxes, or in funds then receivable by law.

SEC. 1054. If any taxes remain unpaid, the township treasurer shall make out a statement of such and full description of premises, and submit same to county treasurer.

SEC. 1055. The county treasurer shall immediately compare statement with tax roll, and may then, and at no other time, reject and charge back lands twice assessed, or so erroneously or defectively described that they cannot be ascertained.

SECS. 1056, 1057. Township treasurer entitled to credit for such lands not so rejected.

SECS. 1068, 1069. Transcript of such delinquent lands to be made and forwarded to Auditor General's office, and amount placed to credit of county.

SEC. 1100. If Auditor General discovers before tax sale that any lands should not be sold, he shall withhold them, and, if error originated with township or county officers, the amount for which they were offered shall be charged against county, and supervisors shall refund the same.

SEC. 1109. If Auditor General finds that any tax

returned to his office is defective, he shall return county treasurer list of lands.

SEC. 1110.    And charge the same back to the county.

SEC. 1111.    If such taxes were rejected or charged back except for reason that such land was not subject to taxation, or that taxes had been paid, or that there had been double assessment, supervisors shall order reassessment.

SEC. 1112.    "If such taxes cannot be properly reassessed upon the same lands, the board of supervisors shall cause the same, or any part thereof, to be reassessed upon the taxable property of the proper township, as may appear equitable."

Section 59 of the tax law of 1869 also provided that,—

"In case the township treasurer shall not collect the full amount of taxes required by his warrant to be paid into the township treasury, such portion thereof as he shall collect shall be retained by him and paid out for the following purposes, and in the following order, viz.:

"1. The amount raised for the general township purposes, to be paid on the order of the township board.

"2. The amount raised for school purposes to be paid on the order of the school-district officers.

"3. The amount of the highway taxes, to be paid on the order of the commissioners of highways." How. Stat. § 1060.

It is objected against the charging of this item for drain taxes against the township that the township at large is not legally liable for these taxes; that such township had nothing to do with the levy of them; that these taxes, if collected by the township treasurer, are not received for the township or on its account; and that the moneys so collected do not at any time become a part of the township moneys. We are referred to the following cases in support of this proposition: *Dawson v. Township of Aurelius*, 49 Mich. 479; *Camp v. Township of Algansee*, 50 Id. 4; *Wallace v. Sortor*, 52 Id. 159; *Emerson v. Township of Walker*, 63 Id. 483; *Barker v. Township of Vernon*, Id. 517; *Taylor v. Township of Avon*, 73 Id. 604.

I do not think these cases apply.    None of them deal

with this act of 1869, but with the later acts creating the office of drain commissioner, and prescribing his duties and powers in locating and maintaining drains. The act of 1869 put the drains in the hands of recognized township officers, to wit, highway commissioners, and provided, as heretofore shown, that the taxes for such drains should take the same course in collection, and be treated between the county and State, and township and county, as other township, highway, and school taxes. If the township can be made responsible to the county for school and highway taxes charged back by the State to the county, I can see no reason, under the law of 1869,—the ditch act heretofore referred to,—why it cannot also be held for rejected or void drain taxes, when it has had the benefit, not only of a credit for them, but the actual money, and has disbursed it. And, under our system of taxation, if there can be no outlawry as between the State and the county there ought not to be any between the county and the township. Then, as we have held in *Auditor General v. Supervisors*, 74 Mich. 536, that it was competent for the State to charge interest upon annual balances, and that this item was properly chargeable back to the county, it follows that the township must pay it back to the county.

The second item unquestionably belongs to the township to pay. The primary mistake in assessing it was the mistake of the township. The township had credit, under our system of taxation, for the amount when the tax was returned in the first instance to the county treasurer. It must be refunded, and this is authorized to be done by spreading the tax upon the whole township, and collecting it. The interest is enormous, but we have upheld it as against the county in favor of the State, and there is no good reason why the same rule should not be enforced against the township. The township being primarily

liable, it would be unjust not to do so.    How. Stat. §
1112 (section 111 of the tax law of 1869), authorizing the
board of supervisors, if taxes rejected or charged back
cannot be properly reassessed upon the same lands, to
reassess them upon the taxable property of the whole
township, is also a part of the present law.    See section
87, Act No. 153, Laws of 1885.

This being the *status* of the two items, the writ of
*mandamus* must issue as prayed, with costs against the
township of Hazelton.

The other Justices concurred.