HILLYER *v* TOWNSHIP OF JONESFIELD.

DRAIN TAXES — PAYMENT UNDER PROTEST — LIABILITY OF TOWN-
SHIP.

> The provision of section 6, chap. 6, of the drain law, as
> amended by Act No. 203, Pub. Acts 1893, that, "if such tax
> shall be paid under protest, the reasons therefor shall be speci-
> fied, and the same procedure observed as is or may be required
> by the general tax law," has reference to the protest and the
> action of the officer to whom the money is paid, and was not
> intended to change the law so as to permit suit to be brought
> against the township to recover a drain tax paid to its
> treasurer.

Error to Saginaw; Wilber, J. Submitted October 12,
1897. Decided October 25, 1897.

*Assumpsit* by Eugene H. Hillyer against the township
of Jonesfield to recover drain taxes paid under protest.
From a judgment for defendant on demurrer to the dec-
laration, plaintiff brings error. Affirmed.

*Trask & Smith* and *Crane & Crane*, for appellant.

*George W. Davis*, for appellee.

MONTGOMERY, J. Plaintiff sued to recover a drain tax
paid to the treasurer of defendant township under protest,
claiming that the tax was invalid, for the reason stated
in the protest.

This court has held, in a number of cases, that the
township, as a township, is not concerned in the levy and
collection of a drain tax, and that an action could not be
maintained against the township to recover a drain tax
paid to the treasurer. See *Dawson* v. *Township of
Aurelius*, 49 Mich. 480; *Taylor* v. *Township of Avon*,
73 Mich. 604; *Camp* v. *Township of Algansee*, 50 Mich.
4. Plaintiff's counsel concede that such was the rule of

law prior to 1893, but contend that by the amended drain law (section 6, °chap. 6, Act No. 203, Pub. Acts 1893) such a liability was created. The provisions added at that time read as follows:

"In all cases where suit is brought *against the collector* arising out of the collection of any drain tax, the township or *county*, according as the tax shall be for a township or county drain, shall *defend such officer* in the same manner that he has now the right to be defended in the collection of general taxes. No suit shall be instituted to recover any drain tax, or money paid or property sold therefor, or for damages on account thereof, unless brought within 30 days from the time of payment of such money to, or sale of such property by, the collecting officer; and, if such tax shall be paid under protest, the reasons therefor shall be specified, and *the same procedure observed as is or may be required by the general tax law.*"

The general tax law provides that a person may pay any tax, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing signed by him, the grounds of such protest, and the treasurer is required to minute the fact of such protest on the tax roll and in the receipt given. The same section further provides that "the person paying under such protest may, within 30 days, and not afterwards, sue the township for the amount paid," etc. The contention of the plaintiff is certainly not without plausibility, and yet we think the circuit judge was right in holding that it was not the intention of the amendment of the drain law in 1893 to work so radical a change. The levy and collection of drain taxes has never been regarded as a township matter. The treasurer does not receive or hold the money for the township. *Camp* v. *Township of Algansee, supra.* Under the drain law, in case of county drains, the money is disbursed by the county treasurer, and, in case of township drains, it is disbursed by the township treasurer. In case of money received, whether under protest or not, and actually disbursed by either officer, the township would be without remedy to reimburse itself. No machinery is

provided for charging this money to the county or any assessment district, and the absence of such safeguard raises the presumption that it could not have been intended to impose this obligation upon the township.

The language employed in the amendment to the drain law, above quoted, to wit, "if such tax shall be paid under protest, the reasons therefor shall be specified, and the same procedure observed as is or may be required by the general tax law," should be construed as having reference to the protest and the action of the officer to whom the money is paid, and not as intended to give a right of action against the township.

Judgment will be affirmed.

The other Justices concurred.