BROWN *v.* WARNER.

1. TAXATION—PARTITION FENCES — EXPENSES OF FENCE VIEWERS
   —STATUTES.
   A void tax for the expenses of fence viewers and repairs to a
   partition fence under 1 Comp. Laws, § 2415 *et seq.,* paid by
   the owner to whom it was assessed to the township treasurer
   under protest, is recoverable in assumpsit against the collect-
   ing officer in person.

2. SAME—ACTIONS—PARTIES.
   A tax collector is protected from all personal liability in col-
   lecting a tax under a warrant fair on its face.

3. SAME—SPECIAL ASSESSMENTS—LOCAL TAXES.
   Assessments for special or local purposes, not being within the
   rule, an action lies against the collector personally, where
   no other remedy at law exists.

Case made from Cass; Des Voignes, J. Submitted
October 19, 1909. (Docket No. 123.) Decided December
30, 1909.

Assumpsit by Charles E. Brown against Albert L.
Warner for money had and received. A judgment for
plaintiff is reviewed by defendant on a case made.
Affirmed.

*Smith & Lyle,* for appellant.

*John R. Carr,* for appellee.

MOORE, J. The plaintiff and one Isaac N. Snyder
were the owners of adjoining farms, between which there
was a line fence which was out of repair. Mr. Snyder
applied to the fence viewers, under chapter 83, 1 Comp.
Laws (sections 2415–2438), to require plaintiff to rebuild
his portion of the fence. The fence viewers directed the
plaintiff to rebuild his portion, which he refused to do,
and it was afterwards built by Mr. Snyder. The fence

viewers reported to the supervisor of the township, who spread the tax upon the assessment roll. In due course the tax roll and warrant were delivered to the defendant, who was township treasurer, and he proceeded to collect the tax of the plaintiff, who paid the same, under protest, to defendant as township treasurer. Plaintiff brought this case in assumpsit against the defendant personally to recover the tax. The brief of counsel for appellant states:

"The record presents the question whether a township treasurer is personally and individually liable in assumpsit for a tax collected by him as township treasurer under a warrant and tax roll regular on their face, where the tax is shown to be irregular on the trial."

The case is argued by the attorneys for appellant upon the assumption that the tax was void, that it was paid involuntarily, and that no protest was necessary. The case was tried before the circuit judge without a jury, who made certain findings of fact and conclusions of law. Among other things, he found the tax was void. He also found as follows:

"Afterwards the supervisor of the township of Newberg placed for the year 1907 the same upon the assessment roll in a separate column opposite of the land owned by the plaintiff, Charles E. Brown, in these words, 'Line fence $69.14,' and the warrant of that year attached to the roll of that year refers to this line fence and to the $69.14 as follows: 'Collect $69.14 for line fence,' ' Recapitulation: Line fence to I. N. Snyder $69.14.' The assessment roll for said township for the year 1907 has the figures $69.14 opposite the description of plaintiff's farm and under the dollar mark, and the words ' line fence' appear written in same column, and on the margin of the roll opposite the description are written the words, ' The within line fence tax of $69.14 is paid under protest.' The certificate contains these words: ' Expenses of Fence Viewers Isaac N. Snyder line fence, $69.14.' The warrant contains these words: ' Collect $69.14 for line fence.' 'Recapitulation: Line fence to I. N. Snyder, $69.14.' "

It is insisted by the appellant that the tax roll and warrant are regular on their face, and that the township treas-

urer cannot be held liable personally for collecting a tax spread under such a roll. We quote:

"The rule that a tax collector is protected from all personal liability in collecting a tax under a warrant fair on its face is absolutely required for the due dispatch of public business. Cooley on Taxation (2d Ed.), p. 797."

Counsel cite *Moss* v. *Cummings,* 44 Mich. 359 (6 N. W. 843); *Aspell* v. *Hosbein,* 98 Mich. 121 (57 N. W. 27); *Curtiss* v. *Witt,* 110 Mich. 131 (67 N. W. 1106); and several cases from outside the State.

There is no serious controversy about the rule. The question is whether it is applicable to the facts disclosed by this record. The record shows upon its face that the tax levied is an unusual one, that it is for a local purpose, that it is to defray the expenses of fence viewers "Isaac N. Snyder line fence." In *Dawson* v. *Township of Aurelius,* 49 Mich. 479 (13 N. W. 824), in a case brought to collect a drain tax, it was held that the laying out of drains was a local matter, that the assessment made for the construction of a drain was a local assessment, and that in collecting the assessment the township treasurer is not acting as the agent of the township. To the same effect is *Camp* v. *Township of Algansee,* 50 Mich. 4 (14 N. W. 672). In *Anderson* v. *Hill,* 54 Mich. 477 (20 N. W. 549), plaintiff sued defendant to recover for a tax assessed against him which was assessed to pay for a work of internal improvement. The tax was paid under protest. In disposing of the case Justice CHAMPLIN, speaking for the court, used the following language:

"The first question to be considered is whether, if any action can be maintained at all, it should have been brought against the township, and not against defendant. The circuit judge so held in the court below. I do not see how the moneys raised under this act can be considered township moneys. They do not belong to the township, and the township authorities have no supervision or control over their expenditure. The same vote which determines to raise the moneys by tax appropriates them to the purpose specified in the act, and they are to be ex-

pended under the supervision of the State board of control of State swamp lands. It is true, they are to be assessed and collected in the same manner as other township taxes are; but this does not make them township moneys. The State and county taxes are assessed and collected in the same manner as township taxes; but that does not make them township moneys. The language of the act merely directs the mode of assessing and collecting, and points out that the money so voted shall be assessed and collected in the same manner as other taxes in the township. The treasurer of the township is made the custodian of the money after he has collected it, until it is paid out or expended under the order and supervision of the State board of control of State swamp lands, simply because the law makes no other provision concerning it. In this respect the case is quite parallel to that of moneys raised for drainage purposes, which it was held were not township moneys, and the township was not liable therefor. *Dawson* v. *Township of Aurelius*, 49 Mich. 479 (13 N. W. 824); *Camp* v. *Township of Algansee*, 50 Mich. 4 (14 N. W. 672). If therefore the defendant has received and holds the money of the plaintiff under circumstances which render it inequitable that he should keep it, there is no good reason why an action for money had and received will not lie to recover it back. Indeed, if this is not the case, then there appears to be no remedy at law to enable a plaintiff to recover money under circumstances such as here disclosed."

See *Cox* v. *Welcher*, 68 Mich. 263 (36 N. W. 69, 13 Am. St. Rep. 339).

In *Taylor* v. *Township of Avon*, 73 Mich. 604 (41 N. W. 703), in an action to recover drain taxes paid under protest to the township treasurer, Justice CHAMPLIN wrote as follows:

"The objection is taken that this action will not lie against the township. The plaintiff, however, insists that it is authorized by section 42, Act No. 153, Pub. Acts 1885. This act is the general tax law for the assessment of property and levy of taxes for State, county, town, school, and highway purposes, and relates to no other kind of taxes. Section 42 applies only to the taxes authorized to be assessed by Act No. 153. Drain taxes for benefits do not come within the letter or spirit of this act.

The taxes assessed for the construction of drains, as benefits derived to the lands assessed, are authorized, and the mode of procedure to assess and collect the same is provided for, in Act No. 227, Pub. Acts 1885. These taxes are special, and raised and set apart for a special purpose, and can be applied to no other. They are not raised by the township for any of the purposes for which township taxes are assessed and raised. When collected, they are held by the township treasurer subject to be paid out on the order of the drain commissioner, countersigned by the township clerk. The supervisor acts merely in a ministerial capacity in placing such taxes upon the tax roll of his township."

We think it follows from these cases: That the tax levied was a special tax levied for a local purpose; that in making the collection the defendant was not the agent of the township; and, as the tax is void, that plaintiff had a cause of action against defendant personally.

Judgment is affirmed.

GRANT, MONTGOMERY, OSTRANDER, and McALVAY, JJ., concurred.