TOWNSHIP OF COOPER *v*. LITTLE.

1. APPEAL AND ERROR—RIGHT TO APPEAL IS STATUTORY—JURIS-DICTION MAY NOT BE CONFERRED BY CONSENT.

The right to appeal being statutory, jurisdiction may not be conferred upon the Supreme Court by consent, but to confer jurisdiction the mandatory provisions of the statute must be complied with, and where it lacks jurisdiction this court will of its own motion decline to consider cases upon the merits.

2. MUNICIPAL CORPORATIONS—DRAIN SEPARATE FROM FISCAL AFFAIRS OF MUNICIPALITY.

The fiscal affairs of a drain are separate and distinct from the general fiscal affairs of the municipality, so that it is not bound or obligated by the acts of the drain commissioner.

3. APPEAL AND ERROR—FAILURE TO PAY STATUTORY FEE FATAL.

On appeal by the county drain commissioner from a decree against him in drain proceedings, his failure to pay the statutory fee provided for in 3 Comp. Laws 1915, § 13754,

warranted dismissal of the appeal; said fee not being a proper charge against the general fund of the county, making it an idle ceremony to pay same.

4. SAME—APPEALS DE NOVO MAY NOT BE GRANTED.
   The Supreme Court is without power to grant an appeal *de novo.*

Appeal from Kalamazoo; Chester (Guy M.), J., presiding. Submitted June 13, 1922. (Docket No. 81.) Decided October 2, 1922.

Bill by the township of Cooper against Albert Little, drain commissioner of Kalamazoo county, and others to enjoin certain drain proceedings. From a decree for plaintiff, defendants appeal. Dismissed.

*Harry C. Howard,* for plaintiff.

*Stephen H. Wattles,* Prosecuting Attorney, and *Charles L. Dibble,* Assistant Prosecuting Attorney, for defendants.

FELLOWS, C. J. These two cases involve the same drain. In the circuit court they were consolidated, heard as one case, and a decree granting plaintiff relief was entered and filed June 17, 1921. Defendants filed their claim of appeal June 20, 1921, but did not then nor have they since paid the fee of $5 provided for in section 13754, 3 Comp. Laws 1915. Appellee moves to dismiss the appeal. This is met by appellants with the claim that inasmuch as the principal defendant is the county drain commissioner and his proceedings in laying out the drain are involved, the litigation is county litigation, that the fee would be paid from the general fund into the general fund, and that such a proceeding would be an idle ceremony not required in order to give this court jurisdiction.

This court in numerous cases has held that the right to appeal is statutory, that the mandatory provisions

of the statute must be complied with in order to give this court jurisdiction of the case, that jurisdiction may not be conferred by consent and that this court will of its own motion decline to consider cases upon the merits which it had not jurisdiction to decide. We do not understand this to be controverted. Some of the authorities we considered and cited in the recent case of *Potaschnik* v. *Kaimola,* 216 Mich. 406. We shall, therefore, proceed to the consideration of the claim of defendants that in this case the statutory requirement is not applicable because the litigation is county litigation.

If we accept counsel's premise, there is much force in their contention. Our difficulty in following counsel's contention grows out of our failure to agree with their premise. In *Cilley* v. *Sullivan,* 187 Mich. 447, we followed *Attorney General* v. *McClear,* 146 Mich. 45, in holding that in so far as matters of public health were concerned the county drain commissioner performed a State function, but neither of the cases had under consideration the question of the fiscal affairs of drain proceedings. In a long line of cases beginning with *Dawson* v. *Township of Aurelius,* 49 Mich. 479, this court has uniformly recognized that the fiscal affairs of a drain were separate and distinct from the general fiscal affairs of the municipality and that the municipality was not bound or obligated by the acts of the drain commissioner. Among the cases see *Camp* v. *Township of Algansee,* 50 Mich. 4; *Wallace* v. *Sortor,* 52 Mich. 159; *Taylor* v. *Township of Avon,* 73 Mich. 604; *Hillyer* v. *Township of Jonesfield,* 114 Mich. 644; *Jenney* v. *Township of Mussey,* 121 Mich. 229.

In *Dawson* v. *Township of Aurelius, supra,* it was said by the court, speaking through Mr. Justice COOLEY:

"Township drain commissioners are elected in the

townships, but they have their independent duties to perform, in respect to which they neither are under the control of the township nor is the township as such in any manner concerned. The laying out of drains is commonly a matter of mere neighborhood interest; they affect small bodies of land; the taxes laid are local assessments, and do not and cannot under the statute become a general charge. In the performance of his duties, the commissioner is in no sense the agent of the township, and there is no township responsibility for his defaults or misconduct."

And in *Taylor* v. *Township of Avon, supra,* Mr. Justice CHAMPLIN, who wrote for the court, said:

"We see no reason why the township is or should be liable for the illegalities in the proceedings to lay out and establish a drain, or why it should be obliged to pay back taxes illegally assessed and collected for drain taxes. If this judgment against the township is affirmed, it will have to be collected by a general levy upon the town instead of lands specifically benefited by the drain, and there is no way for the town to reimburse itself. If the township was legally liable for the torts and misdoings of its officers in laying out drains, and collecting the taxes for benefits, this would be no objection; but there is no statute making it liable, and there is no general principle of law upon which such liability can be based."

*Jenney* v. *Township of Mussey, supra,* is particularly in point. In that case an action was brought against the township treasurer growing out of his attempted enforcement of drain taxes. The township employed Mr. Jenney to make the defense. He brought suit to recover for his services. It was held that the collection of drain taxes was not of township concern and that the action of the township in employing Mr. Jenney was *ultra vires.*

These authorities conclusively establish the law to be that the municipality is not in any way interested

220—Mich.—5.

in the fiscal affairs of the drain. The township is in no way chargeable with the acts of its officers in the administration of the drain law, nor can the county be so chargeable. The legislature has quite carefully provided means to meet costs and expenses of drain proceedings. If the drain is completed without objection the taxes levied meet all expenses; if the proceedings are vacated or dismissed the petitioners are liable for the costs and expenses. Act No. 316, Pub. Acts 1917, § 1.

In *Rosentiel* v. *Miller*, 96 Mich. 99, a case brought against the commissioner to recover costs and expenses, it was said:

"We cannot accept this view of the liability of the petitioners. They are actors in the proceedings, and the statute contemplates that they are the parties in the suit."

Appellants' premises being faulty the conclusion from them must fail. The statutory fee not having been paid and it not being a proper charge against the general fund of the county, it must be held that the requirements of the statute necessary to give this court jurisdiction have not been complied with.

Appellants also by petition ask us to grant them the right to appeal *de novo*. This is beyond our power. In *Guthrie* v. *Leelanau Circuit Judge*, 197 Mich. 321, upon the authority of earlier cases, we pointed out that section 20 of chapter 50 of the judicature act (3 Comp. Laws 1915, § 13755) and Circuit Court Rule No. 66 did not authorize the court to relieve from the mandatory provisions of the statute.

In *Perkins* v. *Perkins*, 173 Mich. 690, it was said:

"If the motion to dismiss was addressed to the discretion of the court, reason might be found for its denial. It is not, however, a matter of discretion. This court has no original jurisdiction to hear and determine appeals in chancery, and appeals lie from decrees of circuit courts, in chancery, only because

they are permitted by the legislature. Having the power to permit or refuse appeals to be taken, the legislature has the power to prescribe the conditions which shall attend and control the taking of such appeals. The legislature has not qualified or limited an existing right, but has created a right, to be exercised within a prescribed period of time, in a prescribed manner. Whether an appeal should be allowed in this cause is not a question of discretion of the court, but one of compliance with the conditions which the legislature has prescribed for taking such appeals."

It is doubtless true that this mandatory statutory provision has worked hardships in several cases where appeals to this court have failed. But the provision is statutory, enacted by the legislative branch of the State government and to that branch the appeal must be made to relax its rigor.

The appeal must be dismissed. No costs will be allowed.

WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. McDONALD, J., did not sit.