## BROOKS *v.* COUNTY OF OAKLAND.

1. DRAINS—COUNTY TREASURER—DRAIN COMMISSIONER—RETURN OF
   VOID SPECIAL ASSESSMENTS.

   Neither county treasurer who is not shown to have had possession
   of void special assessments collected from plaintiff's assignor
   for drain construction nor defendant county drain commis-
   sioner who had no connection with drain proceedings may be
   held personally liable in action at law brought for return of
   such assessments.

2. SAME—LIMITATION OF ACTIONS.

   Delay beyond 30 days after payment of special assessment for
   drains is bar to action to recover same, since statutory leave
   expires in that time (1 Comp. Laws 1929, § 4927).

3. SAME—COUNTIES.

   County is not liable for refund of void drain taxes since its
   officers are not agents of the county but perform special statu-
   tory duties for drainage districts, notwithstanding statute
   providing for payment of drain bonds out of·general county
   funds when drain fund is insufficient, since such payments are
   merely by way of advancements to be reimbursed from drain
   tax collections (1 Comp. Laws 1929, § 4937).

Appeal from Oakland; Covert (Frank L.), J.
Submitted June 14, 1934. (Docket No. 94, Calendar
No. 37,663.) Decided October 1, 1934.

Assumpsit by Joshua M. Brooks, assignee of Lein-
bach-Humphrey Company, against County of Oak-
land, a municipal corporation, Albert Willson,
county treasurer, and M. D. Van Wagoner, county
drain commissioner, to recover sums paid for spe-
cial assessments in drain proceedings. Judgment
for defendants. Plaintiff appeals. Affirmed.

*Wilkinson, Lowther & O'Connell,* for plaintiff.

*Arthur P. Bogue,* Prosecuting Attorney, and *Robert D. Heitsch,* Assistant Prosecuting Attorney, for defendants.

FEAD, J. Plaintiff, as assignee of the Leinbach-Humphrey Company, brought suit at law to recover approximately $63,000 paid by his assignor, without protest, for special assessments in drain proceedings. Defendants had judgment on trial before the court.

The case is submitted on agreed statement of facts. Seven drain proceedings are involved, all of which were void for want of jurisdiction because, under them, sewers instead of drains were constructed. *Clinton* v. *Spencer,* 250 Mich. 135; *Township of Lake* v. *Millar,* 257 Mich. 135; *Kinner* v. *Spencer,* 257 Mich. 142. Plaintiff's assignor, through its officers, took part in the proceedings and construction, signed some of the petitions and made sewer connections with numerous houses belonging to it. It paid from three to seven annual instalments of the respective assessments, to and including 1928. The construction of the sewers was financed by bond issues. Out of collections of assessments all maturing bonds to and including those due in 1931 were paid. Fifty thousand dollars of collections of assessments are ostensibly held by the treasurer but in fact are on deposit in a closed bank. The agreed statement does not indicate that any assessments paid by plaintiff's assignor are represented in such fund.

Defendant Willson was county treasurer from 1929 to 1932 inclusive. Defendant Van Wagoner was drain commissioner from 1931 to the time of trial in 1933. The action was commenced in 1932. The agreed statement of facts does not allege that

Willson now has, or ever had, possession of any money collected from plaintiff's assignor nor that Van Wagoner had any connection with the drain proceedings. Plaintiff suggests no ground upon which either could be held personally liable for return of assessments.

To recover special assessments paid, plaintiff must have statutory leave. *Reliance Automobile & Supply Co.* v. *City of Jackson,* 244 Mich. 232. Action within 30 days after payment is a requisite to recovery of drain assessments. 1 Comp. Laws 1929, § 4927. Further delay is a bar to action. *Township of Norton* v. *Cockerill,* 265 Mich. 405.

Moreover, the county is not liable for the refund of void drain taxes. The drain commissioner, in establishing the project, and the county treasurer, in taking and handling the assessments, are not agents of the county nor are the funds received for the use of the county. The officers perform special statutory duties for drainage districts. The reasons and principles governing township liability under similar statutes and set out in the following cases are applicable: *Taylor* v. *Township of Avon,* 73 Mich. 604; *Hillyer* v. *Township of Jonesfield,* 114 Mich. 644; *Brown* v. *Warner,* 159 Mich. 274. And *Township of Cooper* v. *Little,* 220 Mich. 62, in which the court, after a review of the authorities, said:

"These authorities conclusively establish the law to be that the municipality is not in any way interested in the fiscal affairs of the drain. The township is in no way chargeable with the acts of its officers in the administration of the drain law, nor can the county be so chargeable."

Liability of the county is not established by 1 Comp. Laws 1929, § 4937, which provides for pay-

ment of principal and interest on bonds out of general county funds when the drain fund is insufficient. The payments are merely by way of advances, the county to be reimbursed from collections of the drain taxes. *University of Michigan* v. *Pray,* 264 Mich. 693. The statute does not afford a remedy to the taxpayer.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with FEAD, J. WIEST, J., concurred in the result.