MAFFEI v. BERRIEN COUNTY.

1. COUNTIES—COLLECTION OF JUDGMENT—IMPOSITION OF LIABILITY.
   Statute providing a method of collecting a judgment from a county if and when a county's liability is established does not impose liability on county for negligent conduct of its officers and agents (3 Comp. Laws 1929, § 14692).

2. SAME—NEGLIGENT CONDUCT OF OFFICERS AND AGENTS.
   Apart from statute there is no liability on the part of a county for the negligent conduct of its officers and agents although an action may lie against the officer personally.

3. SAME—TOWNSHIPS—OFFICERS—NEGLIGENCE.
   Townships and counties are in the same category as far as liability for the negligence of their officers and agents is concerned.

4. DRAINS—NEGLIGENCE OF COUNTY DRAIN COMMISSIONER—LIABILITY OF COUNTY.
   Since undertaking of drain commissioner in increasing draining capacity of upper drain without corresponding attention to lower drains which is alleged to have resulted in damage to plaintiffs' lands was action taken in performance of duties imposed by statute upon him and not upon the county, county would not be liable for his acts (1 Comp. Laws 1929, § 4903 et seq., as amended).

Appeal from Berrien; Evans (Fremont), J. Submitted February 20, 1940. (Calendar No. 40,659.) Decided April 1, 1940.

Action by Julius Maffei and another against County of Berrien, a municipal corporation, for damages sustained by the flooding of land. From denial of motion to dismiss, defendant appeals. Reversed.

*Francis J. Miller,* for plaintiffs.

*Robert P. Small,* for defendant.

CHANDLER, J. Plaintiffs are the owners of certain farm lands located in Lincoln township, Berrien county. The declaration alleges that a watercourse, known as Hickory creek, flows through the premises, emptying into the St. Joseph river; and that said creek is the drainage outlet for other natural watercourses and artificial drainage ditches running through adjoining property. The declaration further alleges that Hickory creek has not been cleaned, deepened, or widened since it was dredged in 1922; that in 1933 and 1934, the defendant, through its agent, the county drain commissioner,

"Wrongfully, negligently, and in violation of the laws of the State of Michigan and its duty to the plaintiffs herein, authorized, directed, permitted, performed, and/or ordered the cleaning, deepening, and widening of the drains hereinbefore listed for the purpose of increasing the draining capacity of said drains in the territory serviced by said drains, all of said drains emptying into said Hickory creek above the land owned by plaintiffs herein; but in so doing defendant neglected and refused, wrongfully and unlawfully and contrary to its duty to plaintiffs herein to clean, deepen, or widen said Hickory creek in such a manner as to render said Hickory creek

capable of handling the flow of additional waters emptied into it from the aforesaid drains emptying into it, said Hickory creek, because of said cleaning, deepening, and widening of said drains; that as a result of said cleaning, deepening, and widening of said drains the surface waters on the lands serviced by said drains were collected and concentrated in such unusual and excessive quantities so as to cause said Hickory creek to overflow its banks so that the said Hickory creek valley lands of plaintiffs herein became and were flooded.''

It is also alleged that plaintiffs' land was similarly submerged on subsequent specified occasions for the same reason, all of which resulted in their damage by destruction of crops then growing on their land; and that they have repeatedly requested defendant, through the township supervisor and county drain commissioner, to take steps to deepen, widen, and clean Hickory creek, without avail.

Plaintiffs seek in this action to recover damages sustained by them by reason of the flooding of their lands as aforesaid. Defendant's motion to dismiss on the ground that the declaration failed to state a cause of action was denied by the trial court, and this appeal was taken.

Defendant contends that, in the absence of statute, there is no liability on its part for the negligent conduct of its officers and agents, in this instance the officer being the county drain commissioner. Our attention has not been called to a statute imposing such liability. Section 14692, 3 Comp. Laws 1929 (Stat. Ann. § 27.1656), cannot be so construed as this statute merely provides a method of collecting a judgment if and when liability has been established.

The general rule proposed by appellant receives recognition in various texts and decided cases. See 14 Am. Jur. p. 217, § 50. The preceding section of

the cited text states the reason for the rule in the following manner:

"The principal ground upon which it is held that counties are not liable for damages in actions for their neglect of public duty is that they are involuntary political divisions of the State, created for public purposes connected with the administration of local government. They are involuntary corporations, because created by the State, without the solicitation or even the consent of the people within their boundaries, and made depositaries of limited political and governmental functions, to be exercised for the public good, in behalf of the State, and not for themselves. They are in fact no less than public agencies of the State, invested by it with their particular powers, but with no power to decline the functions devolved upon them, and hence, are clothed with the same immunity from liability as the State itself. In other words, the rule of nonliability for torts is dictated by public policy. Since a suit against the county is in effect a suit against the State, an action will not lie without the consent of the legislature."

In *Dawson* v. *Aurelius Township,* 49 Mich. 479, it was stated that a township drain commissioner was in no sense an agent of the township and that the township could not be held liable for his defaults and misconduct. See, also, *Taylor* v. *Township of Avon,* 73 Mich. 604; *Chase* v. *Middleton,* 123 Mich. 647. In *Hoek* v. *Township of Allendale,* 161 Mich. 571 (21 Ann. Cas. 118), the authorities bearing upon the liability of a *quasi* municipal corporation for the tortious acts of its officers and agents are reviewed, and the review thereof is prefaced by this statement:

"Nothing is better settled in this State than the principle that a *quasi* municipal corporation is not liable for the action of officers (though elected by the township) who perform a purely State function im-

posed upon them by law, whether the action is for negligence or trespass, although an action may in many cases lie against the officer personally.''

Townships and counties are to be placed in the same category as far as the issue raised by this appeal is concerned. For other cases bearing generally on the proposition, see *Niles Township Highway Commissioners* v. *Martin,* 4 Mich. 557 (69 Am. Dec. 333); *Larkin* v. *Saginaw County,* 11 Mich. 88 (82 Am. Dec. 63); *Webster* v. *Hillsdale County,* 99 Mich. 259; *Cooper Township* v. *Little,* 220 Mich. 62; and annotation 60 L. R. A. 221 (i).

From a review of the cited authorities, and others, we conclude, for the reasons therein stated, that no liability exists upon the facts alleged in plaintiffs' declaration and that the trial court erred in denying defendant's motion to dismiss the same.

*McAskill* v. *Hancock Township,* 129 Mich. 74 (55 L. R. A. 738), cited by plaintiffs, is distinguishable. In that case the acts complained of were performed by the township in the exercise of a function permitted by the statutes. It was the act of the municipality. In the instant case, the undertakings were solely those of the drain commissioner; he acted in the performance of duties imposed upon him by statute,* not upon the county; and his acts, over which the county had no authority or control, can in no sense be said to have been the acts of the defendant.

The order of the trial court is reversed and the declaration dismissed. Defendant shall recover costs.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.

---

* See 1 Comp. Laws 1929, § 4903 *et seq.,* as amended (Stat. Ann. § 11.67 *et seq.*).—REPORTER.