VALENTINO v DOHANY

Docket No. 74976. Submitted August 2, 1984, at Detroit.—Decided October 2, 1984. Leave to appeal granted, 422 Mich 858.

Paul G. Valentino and others, having obtained a judgment against the Oakland County Sheriff, brought an action against C. Hugh Dohany, the Oakland County Treasurer, and others, for mandamus compelling payment by the county treasurer according to statute. The court, James S. Thorburn, J., granted summary judgment for defendants. Plaintiffs appealed. *Held:*

The statute governing the procedure for enforcement of a judgment against a county or county officer does not apply to judgments rendered against a county sheriff, since the county is immune from liability for the action of its sheriff.

Affirmed.

Hood, P.J., dissented. He would hold that the statute does apply because it does not establish liability against the county but merely provides the mechanics for collecting the judgment from the county taxpayers by mandating the addition of a tax lien when liability against the sheriff has been established. He would reverse and remand.

Opinion of the Court

1. Sheriffs and Constables — Counties — Torts — Judgments — Enforcement of Judgments — Statutes — Constitutional Law.

The statute governing the procedure for enforcement of a judgment against a county or county officer does not apply to judgments rendered against a county sheriff, since the county is immune from liability for the actions of its sheriff (Const 1963, art 7, § 6; MCL 600.6093[3]; MSA 27A.6093[3]).

Dissent by Hood, P.J.

2. Sheriffs and Constables — Counties — Torts — Judgments — Enforcement of Judgments — Statutes — Constitutional Law.

*The statute governing the procedure for enforcement of a judg-*

Reference for Points in Headnotes

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 86.

*ment against a county or county officer applies to a judgment against a county sheriff; the statute does not establish liability against the county in contravention of the constitution but merely provides the mechanics for collecting the judgment from the county taxpayers by mandating the addition of a tax lien only when liability against the officer has been established (Const 1963, art 7, § 6; MCL 600.6093[3]; MSA 27A.6093[3]).*

*Fred L. Harris, P.C.* (by *Fred L. Harris*), for plaintiff.

*Jack C. Hays,* Corporation Counsel, for defendants.

Before: HOOD, P.J., and R. B. BURNS and S. EVERETT,* JJ.

PER CURIAM. In this mandamus action, after reviewing cross-motions for summary judgment, GCR 1963, 117.2(3), the trial court in a bench opinion granted defendants' motion and denied that of plaintiffs. Plaintiffs appeal.

Plaintiffs possess a valid judgment against Oakland County Sheriff Johannes Spreen, the sheriff having been found liable to plaintiffs in the full amount of some earlier judgments for having failed to levy a writ of execution pursuant to MCL 600.2558(33); MSA 27A.2558(33). In a prior appeal of that case, this Court affirmed the lower court's ruling that Oakland County, originally a named defendant, was immune from liability under Const 1963, art 1, § 6. *Valentino v Oakland County,* Docket No. 52781 (decided August 12, 1981 [unreported]), *lv den* 412 Mich 876 [1981]).

Through this mandamus action, plaintiffs now seek to compel defendants, agents of Oakland County, to process, authorize and pay this judgment against the sheriff pursuant to MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

600.6093(3); MSA 27A.6093(3). Plaintiffs claim that by this action they do not seek to impose liability either on defendants individually or on Oakland County. Rather, plaintiffs argue that under the aforementioned statute they seek simply to enforce a judgment against the sheriff as a county officer and that defendants should be compelled to perform the "ministerial function" of authorizing and paying this judgment.

Defendants acknowledge that, if this judgment were against any other county official or officer, the county would be statutorily required to pay. They claim, however, that the county is legally excused from paying this judgment by the Michigan Constitution. Additionally, defendants assert plaintiffs' claim is barred by res judicata.

MCL 600.6093(3); MSA 27A.6093(3)[1] governs the procedure for enforcement of a judgment against a county. This statute does not act to establish liability against a county for the negligent conduct of its officers; it merely provides a method of collecting a judgment if and when liability has been established. See *Maffei v Berrien County,* 293 Mich 92, 94; 291 NW 234 (1940).

In this case, there is no dispute that the sheriff is liable to plaintiffs. The Michigan Constitution, however, restricts the county's liability for a sheriff's acts. Const 1963, art 7, § 6.[2] Plaintiffs' characterization of the county's collection and payment of a judgment against its sheriff as a "ministerial

---

[1] "When judgment is recovered against any county or the board of supervisors or any county officer in an action prosecuted by or against him in his name or office, the judgment unless reversed shall be levied and collected as other county charges, and when collected shall be paid by the county treasurer to the person to whom the judgment has been adjudged upon the delivery of a proper voucher therefor."

[2] "The sheriff may be required by law to renew his security periodically and in default of giving such security, his office shall be vacant. The county shall never be responsible for his acts * * *."

function" does not change its practical effect as an imposition of liability. As the trial court stated:

"To permit collection of this judgment from the County of Oakland by compelling the county's agents to authorize and make payment would be allowing the plaintiffs to achieve by indirection that which they are constitutionally prohibited from doing directly."

We agree. This statute cannot be applied to a judgment against a sheriff. To otherwise hold would nullify the constitutional provision.

Our disposition of this case obviates the need to address the applicability of res judicata to this case.

Affirmed.

HOOD, P.J. *(dissenting)*. I must respectfully dissent. To hold as the majority does effectively eliminates any recovery against a sheriff whatsoever. MCL 600.6021; MSA 27A.6021 provides that no execution may issue upon a judgment against any county officer in an action prosecuted by or against him or her in the name of the office. Therefore, plaintiffs could not execute their judgment personally against Johannes Spreen for their judgment against the office of Oakland County Sheriff. As *Maffei v Berrien County,* 293 Mich 92, 94; 291 NW 234 (1940), states, MCL 600.6093(3); MSA 27A.6093(3) does not establish liability against the county for the negligent conduct of one of its officers. Rather that statute provides the mechanics for collecting the judgment from the county taxpayers by mandating the addition of a tax lien only when liability against the officer has been established. Such is the case here. By following the mandate of MCL 600.6093(3); MSA 27A.6093(3), the county's action will not conflict with the con-

stitutional provision at issue. The statute merely authorizes the county to function as a collector against those ultimately liable for the payment of the judgment: the county taxpayers.

I would also reverse the trial court's decision regarding res judicata. The issue already decided by this Court concerned the county's liability. Because I find that plaintiffs correctly argue that MCL 600.6093; MSA 27A.6093 does not concern or create liability, plaintiffs' issue in this case is not precluded. Plaintiffs properly brought this action.

I would reverse and remand.