ZELENKA v WAYNE COUNTY CORPORATION COUNSEL

ZELENKA v CROWLEY

Docket Nos. 71436, 74681. Submitted March 23, 1984, at Detroit.— Decided June 18, 1985.

Plaintiffs, George Zelenka and Anthonita Zelenka, brought an action in the Wayne Circuit Court against defendants Wayne County Deputy Sheriff Kenneth V. Crowley and three other deputy sheriffs and Wayne County seeking damages for assault and battery, false arrest, false imprisonment, malicious prosecution and breach of contract. At a hearing held on November 17, 1981, a settlement agreement between the parties was placed on the record. The agreement provided for the payment by Wayne County to plaintiffs of $105,000 plus interest but was conditioned upon approval by the Wayne County Board of Auditors and the Wayne County Board of Commissioners. On September 2, 1982, a consent judgment was entered by the trial court, Maureen P. Reilly, J. The consent judgment referred to the November 17, 1981, settlement, stated that the settlement was a full and final resolution of the matter contingent only upon the approval of the Wayne County Board of Commissioners, and indicated that the approval of the Board of Commissioners had been granted. The defendants contend that the Board of Commissioners never actually approved the settlement or consent judgment and, on March 17, 1983, actually rejected it. On February 16, 1983, plaintiffs filed a complaint for mandamus in the Wayne Circuit Court against defendants Wayne County Corporation Counsel and the Wayne County Treasurer, Auditor, Board of Commissioners and others. On March 28, 1983, the trial court, Maureen P. Reilly, J., issued an order denying a motion by defendants Crowley and others to set aside the September 2, 1982, consent judgment. On April

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 15A Am Jur 2d, Compromise and Settlement § 7 et seq.

Conduct of attorney in connection with settlement of client's case as ground for disciplinary action. 92 ALR3d 288.

[4] 52 Am Jur 2d, Mandamus § 31 et seq.

[5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 870 et seq.

26, 1983, the trial court issued an order of mandamus which compels the chairman of the Wayne County Board of Commissioners to execute a voucher or warrant authorizing the Wayne County Treasurer to pay the consent judgment amount. In Docket No. 74681, defendants Crowley and others appeal by leave granted from the order denying their motion to set aside the consent judgment. In Docket No. 71436, defendants Wayne County Corporation Counsel and others appeal as of right from the order of mandamus. The cases were consolidated by the Court of Appeals. *Held:*

1. The terms of the consent judgment are binding on the defendants. Defendants' attorney indicated on the record that all the approvals had been granted. There being no allegation of fraud, deceit, collusion or bad faith, the Court of Appeals affirmed the trial court's decision not to set aside the consent judgment of September 2, 1982.

2. The county has a clear legal duty to satisfy the judgment. Once the judgment was entered, the obligation to satisfy the judgment became a mere ministerial duty. The order of mandamus was proper.

Affirmed.

1. CONTRACTS — SETTLEMENT AGREEMENTS.

An agreement to settle a claim is governed by contract principles.

2. CONTRACTS — SETTLEMENT AGREEMENTS — COURT RULES.

No private agreement or consent between the parties to a cause, or their attorneys, respecting the proceedings in a cause which is denied by either party, is binding, unless the same has been made in open court, or unless evidence thereof is in writing subscribed by the party or his attorney against whom the same is alleged (GCR 1963, 507.9).

3. COMPROMISE AND SETTLEMENT — ATTORNEY AND CLIENT.

An attorney may agree upon a settlement made in open court and the court may rely upon a statement made with respect thereto by such attorney in the absence of fraud, deceit, collusion or bad faith.

4. MANDAMUS — REMEDIES.

Mandamus generally lies only where there exists a clear legal duty incumbent upon the defendant and a clear legal right in the plaintiff to the discharge of such duty; the legal duty must usually be a specific act of a ministerial nature, although occasionally mandamus will lie though the act sought to be compelled is discretionary.

5. MUNICIPAL CORPORATIONS — JUDGMENTS.

 Municpal corporations have the same obligation as any person or body corporate to satisfy judgments rendered against them (MCL 600.6093[3]; MSA 27A.6093[3]).

*Burgess, Burgess & Triest, P.C.* (by *Brent S. Triest),* for plaintiffs.

*John D. O'Hair,* Corporation Counsel, and *Dean Koulouras,* Assistant Corporation Counsel, for defendants.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and S. J. LATREILLE,* JJ.

S. J. LATREILLE, J. In Docket No. 74681, defendants appeal by leave granted from an order of the circuit court denying their motion to set aside a consent judgment which awarded plaintiffs $115,010.80, plus interest at 12% per annum. In Docket No. 71436, defendants appeal as of right from an order of mandamus which compels the chairman of the Wayne County Board of Commissioners to execute a "voucher and/or warrant" authorizing the Wayne County Treasurer to pay the consent judgment amount. We affirm.

In 1977, plaintiffs brought a lawsuit in the Wayne County Circuit Court seeking damages from Wayne County and four of its deputy sheriffs for assault and battery, false arrest, false imprisonment, malicious prosecution and breach of contract. At a hearing held on November 17, 1981, a settlement agreement between the parties was placed on the record. This settlement agreement provided for the payment by Wayne County to plaintiffs of $105,000 plus interest but was conditioned upon approval by the Wayne County Board

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of Auditors and the Wayne County Board of Commissioners.

On September 2, 1982, a consent judgment was entered by the trial court. This consent judgment referred to the November 17, 1981, settlement reached by the parties, stated that the settlement was a full and final resolution of the matter contingent only upon the approval of the Wayne County Board of Commissioners, and, finally, indicated that the approval of the Board of Commissioners had been granted. Defendants contend that the Wayne County Board of Commissioners never actually approved the settlement or consent judgment and, on March 17, 1983, actually rejected it.

On February 16, 1983, plaintiffs filed a complaint for mandamus in the Wayne County Circuit Court. During a March 18, 1983, hearing held on plaintiffs' motion for mandamus, defendants indicated that they would be filing a motion to set aside the September 2, 1982, consent judgment. Such a motion was filed and denied by the trial court in an order dated March 28, 1983. The consent judgment and the order denying defendant's motion to set aside the consent judgment are part of plaintiffs' original suit. On April 26, 1983, the trial court issued its order of mandamus.

On appeal, defendants claim that the trial court erred in not setting aside the consent judgment of September 2, 1982. They argue that the settlement agreement was conditioned on approval by the Wayne County Board of Commissioners and, because the commissioners actually rejected the settlement on March 17, 1983, the consent judgment was improperly entered. The trial court found that defendants' attorney had stipulated to the entry of the September 2, 1982, consent judgment prior to the judge's signing of same. Also, the trial court ruled that the Board of Auditors could not dele-

gate the authority to accept this settlement because under MCL 46.11, 46.71 and 47.55; MSA 5.331, 5.521 and 5.605, if a county has a Board of Auditors, the Board of Auditors, and not the Board of Commissioners, is the county body responsible for allowing, adjusting and authorizing all claims against the county.

It is well settled that an agreement to settle a claim is governed by contract principles. See *e.g.*, *Mastaw v Naiukow,* 105 Mich App 25; 306 NW2d 378 (1981). We see no reason why the Board of Auditors could not enter into a binding agreement whereby its settlement of plaintiffs' claim would only become effective upon the approval of the Board of Commissioners. However, this does not end our inquiry. Plaintiffs contend that they were informed that all the approvals had been given before the consent judgment was actually entered by the court. Indeed, one of defendants' attorneys stipulated on the record to the entry of the September 2, 1982, consent judgment prior to the judge's signing of that judgment. Defendants attempt to explain away the representations made to both the lower court and plaintiffs by claiming that no attorney representing the defendants had the authority to enter into the consent judgment.

GCR 1963, 507.9 provides:

"No private agreement or consent between the parties to a cause, or their attorneys respecting the proceedings in a cause which is denied by either party, is binding, unless the same has been made in open court, or unless evidence thereof is in writing subscribed by the party or his attorney against whom the same is alleged."

We find that the terms of the consent judgment are binding on defendants. The consent judgment states that the settlement was a full and final

resolution of the matter contingent only upon the approval of the Wayne County Board of Commissioners. The judgment also provides that the necessary approval had been granted by the Board of Commissioners. Defendants' attorney indicated on the record that all the approvals had been granted. In the absence of fraud, deceit, collusion or bad faith, an attorney may agree upon a settlement made in open court and the court may rely upon a statement made with respect thereto by such attorney. *Jackson v Wayne Circuit Judge,* 341 Mich 55, 59-60; 67 NW2d 471 (1954). Accordingly, there being no allegation of fraud, deceit, collusion or bad faith, we affirm the trial court's decision not to set aside the consent judgment of September 2, 1982.

Having determined that the consent judgment of September 2, 1982, is valid, we are left to resolve whether this is an appropriate case for mandamus. Defendants contend that the Wayne County Board of Commissioners is not mandated by the Legislature to satisfy the judgment and that it is discretionary with the board whether or not to pay the judgment. We disagree.

In *Wayne County v State Treasurer,* 105 Mich App 249, 251; 306 NW2d 468 (1981), *lv den* 412 Mich 915 (1982), this Court said:

"Generally, mandamus lies only where there exists a clear legal duty incumbent upon the defendant and a clear legal right in the plaintiff to the discharge of such duty. The legal duty must usually be a specific act of a ministerial nature, although occasionally mandamus will lie though the act sought to be compelled is discretionary. *Campbell v Judges' Retirement Board,* 378 Mich 169, 182-183; 143 NW2d 755 (1966), *Board of County Road Comm'rs of the County of Oakland v State Highway Comm,* 79 Mich App 505, 508-509; 261 NW2d 329 (1977), *lv den* 402 Mich 907 (1978)."

Municipal corporations have the same obligation as any person or body corporate to satisfy judgments rendered against them. See, MCL 600.6093(3); MSA 27A.6093(3). As the circuit court determined that an effective judgment had been rendered against the county, the county now has a clear legal duty to satisfy the judgment. Since payment of the judgment requires the Wayne County Board of Commissioners' voucher, the board has a clear legal duty to give its voucher. Once the judgment was entered, the obligation to satisfy the judgment became a mere ministerial duty.

Affirmed. No costs, a public question.