UNITED STATES of America, Plaintiff,

v.

STRAITS STEEL & WIRE COMPANY and Citation–Walther Corporation, Defendants/Third–Party Plaintiffs/Counter Third–Party Defendants,

v.

COUNTY OF MASON, Third–Party Defendant/Counter Third–Party Plaintiff,

v.

ACME DISPOSAL COMPANY, INC., et al., Third–Party Defendants.

No. 1:91–CV–383.

United States District Court, W.D. Michigan, S.D.

Nov. 19, 1992.

Thomas J. Gezon, and W. Francesca Ferguson, Asst. U.S. Attys., John A. Smietanka, U.S. Atty., Grand Rapids, MI, Richard B. Stewart, Gerard A. Brost, Trial Atty., Gregg Lattimer, and Lisa A. Cherup, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, and Sean Mulroney, U.S. E.P.A., Chicago, IL, for the U.S.

Charles M. Denton, George B. Davis, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for defendant Straits Steel and Wire Co.

Leonard F. Charla, Gregory J. Parry, Butzel Long, Detroit, MI, for defendant Citation–Walther Corp.

Steven C. Kohl, Howard & Howard, PC, Bloomfield Hills, MI, for Acme Disposal Co., Inc., and Atkinson Mfg. Co., third-party defendants.

Louis M. Rundio, Jr., Robert J. Slobig, Linda M. Bullen, McDermott, Will & Emery, Chicago, IL, for Atkinson Mfg. Co. and Vermont–American Corp.

Alan C. Schwartz, David Melvin Buday, Miller, Johnson, Snell & Cummiskey, Grand Rapids, MI, for Brill Mfg. Co.

Alan C. Bennett, Law, Weathers & Richardson, Grand Rapids, MI, for CSX Commercial Services, CSX Corp. and CSX Transp.

James J. Kobza, Special Asst. Atty. Gen., Muskegon, MI, for Edward L. Dains.

Darrell M. Grams, Wise & Marsac, PC, Detroit, MI, Sydney Rooks, Dow Chemical Co., Legal Dept., Midland, MI, for Dow Chemical Co.

Beth Gotthelf, Marty A. Burnstein, Seyburn, Kahn, Ginn, Bess, Howard & Deitch, Southfield, MI, for Dresser Industries, Inc.

Dustin P. Ordway, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, MI, for Emerson Elec. Co.

Dennis Forst, Niles, MI, pro se.

Brian Kilbane, Smith, Haughey, Rice & Roegge, PC, Grand Rapids, MI, for Great Lakes Casting Corp.

William K. Holmes, Warner, Norcross & Judd, Grand Rapids, MI, for Jackson Jordan, Inc.

James R. Hulbert, Henry L. Guikema, PC, Grand Rapids, MI, for Kaines–West Michigan Co.

Roger H. Anderson, Gavigan, Anderson & Vaniente, Ludington, MI, John D. Noonan, Rosi, Olsen & Levine, PC, Traverse City, MI, for City of Ludington.

Robert K. Kaufman, Robert P. Tremp, Lisa A. Jones, Cummings, McClorey, Davis, Acho & Tremp, Traverse City, MI, for Mason County.

Kenneth W. Vermeulen, Warner, Norcross & Judd, Grand Rapids, MI, for Mitchell Corp.

Todd R. Dickinson, and Philip G. Henderson, Tolley, Fisher & Verwys, PC, Grand Rapids, MI, Robert M. Brill, Stokely USA Legal Dept., Oconomowoc, WI, for Stokely–Van Camp, Inc., and Stokely–USA, Inc.

Norman J. White, Ludington, MI, for John Wolkow.

Catherine M. Reynolds, Jackson, MI, for Consumers Power Co.

Thaddeus C. Barecki, Prince, Barecki, Nicholas & Burrows, Hart, MI, for City of Hart and Village of Pentwater.

Sandra S. Hamilton, Jeffrey J. Van Winkle, Phillip F. Wood, Clary, Nantz, Wood, Hoffius, Rankin & Cooper, Grand Rapids, MI, for Pentwater Wire Products.

David F. Betz, Ludington, MI, for Towns Bros. Const.

Larry E. Kivela, Pehrson & Nicholson, Ludington, MI, for URKA Car Dealer.

James P. Enright, Warner, Norcross & Judd, Grand Rapids, MI, for Henry Marek.

OPINION

ROBERT HOLMES BELL, District Judge.

This is a complex environmental litigation. The United States Environmental Protection Agency (the "EPA") commenced the litigation by instituting a suit under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, against defendants Straits Steel & Wire Company and Citation–Walther Corporation (the "principal defendants") to recover the response costs it incurred in cleaning up the contamination at the Mason County Pere Marquette landfill (the "landfill"), near Ludington, Michigan.

The principal defendants, in turn, filed a multi-count Third–Party Complaint, which has been twice amended. The Second Amended Third–Party Complaint (the "Complaint") includes federal and Michigan environmental statutory claims and common law claims. The Complaint also impleads 34 named third-party defendants, as well as other "John Doe" third party defendants, as "potentially responsible parties" for the contamination at the landfill.

County of Mason ("Mason County") and Edward L. Dains ("Dains") are two such third-party defendants. The Complaint alleges that Mason County is the current owner and operator of the landfill. The Complaint also alleges that Dains is the person who owned or operated the landfill site at the time of alleged disposal of hazardous substances at the site.

Dains then filed a Cross–Complaint against Mason County. The Cross–Complaint alleges that he is entitled to "contractual and court-ordered indemnity" against Mason County, and seeks a declaration to that effect. According to the Cross–Complaint, Dains and Mason County, once enjoying a lessor-lessee relationship with respect to the landfill, had entered into an enforceable court-ordered settlement stipulation, which included an indemnification provision for Dains. The indemnification provision stated that Mason County would "hold harmless and indemnify [Dains] against any causes of action,

judgments, etc. that may arise against [Dains] as a consequence of the landfill situation." The Cross–Complaint further indicates that the order (or the consent judgment), in its entirety, was approved and entered by the Mason County Circuit Court.

In response, Mason County filed a Cross–Counter Complaint against Dains, claiming that he should be held liable for damages in the event that Mason County is assessed damages. In other words, Mason County's complaint—containing CERCLA, Michigan statutory and common law claims—seeks contribution from Dains.

Both Dains and Mason County have filed motions that essentially amount to cross-motions for summary judgment under Fed. R.Civ.P. 56. Both Dains and Mason County request, based on the undisputed facts, a declaration regarding who is liable for whom on damages arising from the contamination at the landfill. Both Dains and Mason County, at least initially, address the dispositive legal issue of whether the consent judgment, which included an indemnification provision for Dains, in connection with the contamination at the landfill, is enforceable here.

This Court believes that it is. Upon review, the Court observes that Mason County is collaterally attacking a jurisdictionally-sound state court consent judgment containing the indemnification provision in federal court. Regardless of how Mason County may want to characterize the consent judgment, the Court cannot agree with Mason County that it should be set aside here.

■ The full faith and credit statute, 28 U.S.C. § 1738, requires a federal court to give a state court judgment the same preclusive effect such judgment would have in a state court. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 662 (6th Cir.1990). Under Michigan law, consent judgment is a final judgment on the merits for res judicata purposes. *See Zelenka v. Wayne County Corporation Counsel*, 143 Mich.App. 567,

571–72, 372 N.W.2d 356 (1985). And as such, it is entitled to full faith and credit, *see Hooks v. Hooks*, 771 F.2d 935, 948 (6th Cir.1985), and not subject to collateral attacks in other court. *Dow v. Scully*, 376 Mich. 84, 88–89, 135 N.W.2d 360 (1965).

■ There are exceptions. For example, a consent judgment may be subject to collateral attack on the ground that the rendering court lacked jurisdiction. *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Ass'n*, 455 U.S. 691, 704–05, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558 (1982). But once jurisdiction has attached, "mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, for all purposes and cannot be collaterally attacked." *Bowie v. Arder*, 441 Mich. 23, 49, 490 N.W.2d 568 (Mich.1992); *see also Hooks*, 771 F.2d at 949.[1]

■ In this case, there is no jurisdictional problem. The Mason County Circuit Court appeared to have had jurisdiction over the matter, since Dains and Mason County had properly brought the suit before that court in the first instance. Moreover, Mason County has not specifically asserted that the Circuit Court lacked jurisdiction; Mason County merely argues that the underlying consent judgment, in particular, the inclusion of the alleged void indemnification provision, was erroneous as a matter of law. In other words, Mason County is only claiming that the Circuit Court erred in approving the Dains–Mason County stipulation. That is not sufficient for collateral attack. Accordingly, this Court is obliged by the full faith and credit statute to accord the state consent judgment of the Mason County Circuit Court the same preclusive effect and finality that they are accorded under state law. The consent judgment cannot be set aside.[2]

---

**1.** Other exceptions are not applicable here. *See Hooks*, 771 F.2d at 950.

**2.** Because of this disposition, the Court need not reach the merits of Mason County's collateral

Dains also requests a declaration that Mason County be liable for Dains's attorney's fees in prosecuting this matter. It would seem to this Court that since the consent judgment is enforceable, there may be some basis for an award of attorney's fees to Dains. However, the parties have not adequately addressed this issue, and therefore the Court shall reserve its ruling on this part of the motion until further briefing.

Dains's motion for summary judgment on his Cross–Complaint against Mason County (docket # 216) is hereby GRANTED IN PART; Mason County's motion for summary judgment on its Cross–Counter Complaint against Dains (docket # 214) is hereby DENIED.

attack concerning whether a county may, within its power, indemnify a private party as a matter of law. The Court notes, however, that the issue is a rather difficult state law question, with no recent applicable Michigan case to guide this federal court, and thus may be more suitable for resolution in state court.

Finally, this Court need not address other alternative arguments raised by Mason County in opposition to Dains's summary judgment motion, *see* Third-party Defendant Mason County's Reply to Motions of Cross–Plaintiff Edward L. Dains for Summary Judgment at 40–57. Such issues, arguably involving factual disputes, may be fully developed later and addressed at that time.