# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF DETROIT and DETROIT WATER
AND SEWERAGE DEPARTMENT,

UNPUBLISHED
November 15, 2016

Plaintiffs-Appellees,

v

No. 327448
Wayne Circuit Court
LC No. 14-001974-CK

CITY OF HIGHLAND PARK,

Defendant-Appellant.

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

This case arises out of a dispute between defendant, city of Highland Park ("Highland Park") and the city of Detroit ("Detroit"), over Highland Park's failure to pay for water and sewer services provided by the Detroit Water and Sewerage Department ("DWSD"). Plaintiffs' complaint alleged that because Highland Park failed to comply with contractual obligations, it accrued more than $17,000,000 in water bill arrearages. Highland Park now appeals as of right the April 30, 2015 judgment in Detroit's favor, awarding it in excess of $19,000,000. We affirm.

At the outset, we note that the only issue before this Court is Detroit's ability to collect its judgment against Highland Park pursuant to the provisions of MCL 600.6093. This is the only issue arguably articulated in Highland Park's statement of the issue on appeal and is the only issue properly presented for appellate review. MCR 7.212(C)(5). Highland Park has not preserved or presented any argument challenging the validity of the actual judgment. Although Highland Park initially attempted to expand the scope of its appellate issues, it clearly abandoned this effort. In a combined filing with this Court, Highland Park sought both a remand and leave to amend its appellate brief and raised therein several arguments attacking the actual judgment. This Court informed Highland Park that the filing of multiple motions under one fee was not permitted, and therefore, its motion would be treated as a motion to remand only, and not a motion to amend. At that time, Highland Park was advised that it could refile the motion to amend, if desired, with the necessary motion fee. Thereafter, Highland Park did not refile a motion to amend its brief on appeal. Consequently, having abandoned any issue related to the validity of the judgment, the only issue before this Court is that articulated in Highland Park's original, and only, brief on appeal—Detroit's ability to collect that judgment.

-1-

Highland Park argues that the enforcement of Detroit's judgment under MCL 600.6093 would impose an *ad valorem* tax on its residents in violation of provisions of the Clean Water Act, 33 USC 1284, specifically § 204(b)(1)(A). Highland Park, therefore, asserts that the trial court erred when it ordered its judgment debt to be added to the city's tax rolls. After considering Highland Park's position, and the state and federal statutes referenced, we conclude that Highland Park has failed to demonstrate entitlement to appellate relief.

MCL 600.6093 sets forth the procedures for the enforcement of judgments against townships, villages, cities, or counties, and it provides, in pertinent part:

> (1) Whenever judgment is recovered against any township, village, or city, or against the trustees or common council, or officers thereof, in any action prosecuted by or against them in their name of office, *the clerk of the court shall, on the application of the party in whose favor judgment is rendered, his attorney, executor, administrator, or assigns, make and deliver to the party so applying a certified transcript of the judgment,* showing the amount and date thereof, with the rate of interest thereon, and of the costs as taxed under the seal of the court, if in a court having a seal. *The party obtaining the certified transcript may file it with the supervisor of the township, if the judgment is against the township, or with the assessing officer or officers of the city or village, if the judgment is against a city or village. The supervisor or assessing officer receiving the certified transcript or transcripts of judgment shall proceed to assess the amount thereof with the costs and interests from the date of rendition of judgment to the time when the warrant for the collection thereof will expire upon the taxable property of the township, city, or village upon the then next tax roll of such township, city, or village,* without any other or further certificate than the certified transcript as a part of the township, city, or village tax, adding the total amount of the judgment to the other township, city, or village taxes and assessing it in the same column with the general township, city, or village tax.

> The supervisor or assessing officer shall set forth in the warrant attached to the tax roll each judgment separately, stating the amount thereof and to whom payable, and it shall be collected and returned in the same manner as other taxes. The supervisor or assessing officer, at the time when he delivers the tax roll to the treasurer or collecting officer of any township, city, or village, shall deliver to the township clerk or to the clerk or recording officer of the city or village, a statement in writing under his hand, setting forth in detail and separately the judgment stating the amount with costs and interest as herein provided, and to whom payable. The treasurer or collecting officer of the township, city, or village, shall collect and pay the judgment to the owner thereof or his attorney, on or before the date when the tax roll and warrant shall be returnable. In case any supervisor, treasurer, or other assessing or collecting officer neglects or refuses to comply with any of the provisions of this section he shall be guilty of a misdemeanor, and on conviction thereof, shall be punished by a fine of not more than $1,000.00 and costs of prosecution, or imprisonment in the county jail for a period not exceeding 3 months, or by both fine and imprisonment in the discretion

of the court. Nothing herein contained shall be construed to exclude other remedies given by law for the enforcement of the judgment. [Emphasis added.]

"This statute does not act to establish liability . . . ; it merely provides a method of collecting a judgment if and when liability has been established." *Valentino v Dohany*, 138 Mich App 94, 96; 359 NW2d 263 (1984). Courts of this state have concluded that the statute provides the sole remedy for the collection of a judgment against a municipality. *American Axle & Mfg, Inc v City of Hamtramck*, 461 Mich 352, 364-365; 604 NW2d 330 (2000); *Payton v City of Highland Park*, 211 Mich App 510, 512-513; 536 NW2d 285 (1995).

First, contrary to Highland Park's position, the trial court's April 30, 2015 judgment did not order that the debt be placed on Highland Park's tax rolls. The judgment simply incorporated the July 31, 2014 summary disposition order addressing the legal merits of Detroit's claims, found damages in the amount of $19,244,838.53, and then ordered that the written judgment *may* be submitted to the Wayne County Clerk as a "transcript of the judgment" for purposes of MCL 600.6093 certification. While the court's judgment did reference preliminary matters related to initiating steps under MCL 600.6093, there was no order directly compelling Highland Park to place the judgment on the tax rolls. Indeed, at the May 15, 2015 hearing, the trial court confirmed as much, plainly stating, "[T]his Court is not at this point ordering the judgment to be placed on the rolls." The trial court specifically recognized that it would be up to the discretion of the judgment creditor, the city of Detroit, whether it would seek collection pursuant to MCL 600.6093. Thus, Highland Park's analysis begins with a faulty premise.

We recognize that the trial court's order also includes the following: "IT IS FURTHER ORDERED that if the Defendant, City of Highland Park fails to act pursuant to MCL 600.6093, Plaintiff shall commence a separate action requesting writ of mandamus." The "shall" in this order does not compel the city of Detroit to pursue the mandamus case. This language is only relevant if Detroit elects to pursue collection of the judgment under MCL 600.6093. The court's order could be interpreted as authorizing, but not mandating, that Detroit seek collection of its judgment pursuant to MCL 600.6093.

Highland Park argues that MCL 600.6093 violates the provisions of 33 USC 1284(b)(1). We disagree. Title 33, Chapter 26, Subchapter II, of the Clean Water Act governs federal grants for the construction of treatment works projects. *United States v City of Detroit*, 720 F2d 443, 446 (CA 6, 1983). The section relied on by Highland Park, 33 USC 1284(b)(1)(A), "prohibits the Administrator of the EPA from approving any grant for treatment works 'unless he shall first have determined that the applicant (A) has adopted or will adopt a system of charges to assure that each recipient of waste treatment services within the applicant's jurisdiction, as determined by the Administrator, will pay its proportionate share . . . of any waste treatment services provided by the applicant . . . .' " *City of Detroit ex rel Detroit Water & Sewerage Dep't v Michigan,* 538 F Supp 1169, 1170 (ED Mich, 1982), quoting 33 USC 1284(b)(1)(A). Highland Park interprets the foregoing language as requiring, apparently in any water treatment context, a user-based tax and precluding an *ad valorem* tax. It then reasons that because the application of MCL 600.6093 would amount to an *ad valorem* tax, and 33 USC 1284(b)(1)(A) prohibits the assessment of such a tax, Detroit cannot execute on its judgment pursuant to MCL 600.6093. Put another way, Highland Park argues that applying the judgment to the tax rolls would not ensure that the users of the water and sewer services paid their proportionate share and,

therefore, application of MCL 600.6093 conflicts with 33 USC 1284. Apparently, under Highland Park's reasoning, any judgment that provides for the application of MCL 600.6093 would be invalid. Highland Park has provided no applicable authority for its position and, indeed, its analysis is contrary to oft-cited rules of statutory interpretation.

The principles of statutory construction were succinctly articulated by our Supreme Court in *Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013), as follows:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [Citations omitted.]

Applying the foregoing principles, we conclude that Highland Park's interpretation of 33 USC 1284 is not consistent with the plain language of the federal statute.

By its very terms, 33 USC 1284 applies to federal grant applications and precludes the administrator from approving any grant for treatment works unless it is shown that the applicant has adopted a system of charges that assures that each recipient of the services will pay its proportionate share. This matter is not related in any meaningful way to a federal grant application. Highland Park does not cite any provision in the federal statute that would compel a conclusion that a municipality may not execute on a valid judgment pursuant to the provisions of MCL 600.6093.

Continuing to interpret the plain language of 33 USC 1284, there is nothing therein that plainly gives Highland Park the authority to enforce its provisions. Although not binding, the discussion in *Detroit Water & Sewerage Dep't*, 538 F Supp at 1170-1171, is instructive. In that case, the plaintiff, city of Detroit, brought suit seeking to compel the Michigan Department of Transportation and the Wayne County Road Commission to pay for DWSD's treatment of storm water runoff. In support of its claim, the plaintiff relied in part on 33 USC 1284(b)(1)(A). At issue before the court was a motion to dismiss for lack of jurisdiction. *Id.* at 1170. The plaintiff argued that the defendants' violation of 33 USC 1284(b)(1)(A), gave rise to federal question jurisdiction. In rejecting this argument, the court first noted that no private cause of action could be brought under the statute because 33 USC 1284(b)(1)(A) simply precluded the administrator from approving grants if the applicant had not adopted a system of charges to assure that users pay their proportionate share. The court further noted that

> [n]othing in section 1284(b)(1)(A) suggests that Congress intended that it be enforced by anyone but the Administrator of the EPA, indeed it reads simply as a prohibition to the Administrator. It does not, as DWSD claims, impose any

obligations on the users of treatment systems. At best it simply describes a condition to the receipt of federal grants. [*Id.* at 1171.]

Although the decision in *Detroit Water & Sewerage Dep't* is not binding, and the factual and procedural background is distinguishable, the court's analysis is persuasive to the extent that it lends support to the proposition that the provisions of 33 USC 1284 should not be invoked to preclude a municipality from executing on a valid judgment.

Finally, Highland Park's reliance on the analysis in *Middlesex Co Utilities Auth v Borough of Sayreville*, 690 F2d 358 (CA 3, 1982), is misplaced. In *Middlesex*, the Utilities Authority brought an action to compel a municipality within the Authority to adopt a sewer use ordinance that complied with the requirements of 33 USC 1284(b)(1)(A). The Utilities Authority did so after the Environmental Protection Agency suspended grant payments because this municipality within the Authority had not adopted ordinances providing for user charges. *Id.* at 361. Thus, *Middlesex* is easily distinguishable because it involved the application of 33 USC 1284 in the context of a grant application.

If this Court were to accept Highland Park's interpretation of the federal statute, the city of Detroit would be left with no avenue by which to enforce its judgement and Highland Park would be relieved of its obligations. This would be contrary to this Court's pronouncement that "municipal corporations have the same obligation as any person or body corporate to satisfy judgments rendered against them." *Zelenka v Wayne Co Corp Counsel,* 143 Mich App 567, 573; 372 NW2d 356 (1985).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter